OF

## THE STATE OF MISSOURI,

OCTOBER TERM, 1856, AT ST. LOUIS.

[CONTINUED FROM VOL. XXIII.]

———————

24   13
45a 344

L'HUSSIER, Defendant in Error, v. ZALLEE, Plaintiff in Error.

1. A., having leased certain premises to B., leased the same to C., and upon
   the termination of B.'s lease demanded possession thereof, which being re-
   fused, he brought an action of unlawful detainer against B.; *held*, it not
   appearing that C. had made his election to sue his landlord, A., for the non-
   delivery of the premises leased, or to bring ejectment against B., the first
   lessee, that an action for unlawful detainer would not lie. (LEONARD, J.,
   dissenting.)

### Error' to St. Louis Land Court.

This was an action of unlawful detainer, originally commen-
ced before a justice of the peace. The justice having dismissed
the complaint, an appeal was taken to the Land Court. The
cause was tried by the court sitting as a jury. The court found
for plaintiff. Defendant moved in arrest of judgment for the
insufficiency of the complaint or petition. This motion having

2—VOL. XXIV.

been overruled, the cause was brought to this court by writ of error. The facts, as they are set forth in the petition, are as follows : L'Hussier leased to Zallée certain premises, being the third story of a house in the city of St. Louis, for three years. There was, however, a clause in the lease to the effect, that, if at any time before the expiration of the said term, L'Hussier should find it proper to lease or rent the *whole* of his house, then the lease to Zallée should become void, and he, Zallée, should vacate the premises. L'Hussier did lease the *whole* house to one Guirard, and afterwards notified Zallée of this lease to Guirard, and demanded possession of the premises ; and upon the refusal of Zallée to deliver possession of the premises, brought this action of unlawful detainer.

*Primm & Romyn*, for plaintiff in error.

I. Under the provisions of the law concerning forcible entry and detainer, no one, save the person having the legal right to the possession in question, his agent or attorney, could lawfully demand of him the deliverance of the possession. L'Hussier, having leased to Zalleé, had divested himself of all legal right to the possession. Guirard was the only person who could dispossess Zalleé, and he only by ejectment.

*Hart & Jecko*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

This judgment will be reversed. The plaintiff, by his complaint, shows that he has no right of action. He had conveyed all his interest. The right to sue for the recovery of the possession of the premises was in the plaintiff's alienee. Upon the conveyance to him, he had his option, either to bring ejectment against Zallée, or to sue L'Hussier for damages resulting from his breach of contract in not putting him in possession of the premises conveyed. Until the alienee of the plaintiff had made his election, the plaintiff could not move in the matter. If the alienee had sued the plaintiff for breach of covenant in not delivering him possession, then the plaintiff, upon showing

this fact, would have been entitled to recover possession from the defendant, because the alienee would then have made his election, and shown that he claimed damages and not the premises sold to him. As the case now stands, it does not appear but that the alienee still claims the possession of the lot under his conveyance. If he does, what right has L'Hussier to sue for it. (Trull v. Granger, 4 Selden, 116 ; Coe v. Clay, 5 Bing. 440 ; Taylor on Land. and Ten. § 177.)

The facts, as disclosed in the complaint, show that the alienee of the plaintiff, according to repeated decisions of this court, would not be entitled to the remedy pursued in this case. Judge Ryland concurring, the judgment will be reversed.

LEONARD, Judge. Although the second lessee was entitled to the possession of the land on the delivery of the lease, and could therefore have sued the present defendant to obtain it, yet he was not bound to do so, but was at liberty to sue his landlord for the non-delivery of it. (Coe v. Clay, 5 Bing. 440 ; Trull v. Granger, 4 Selden, 118.) He bought the possession of the land for the time the lease was to run, and not a law suit, and, if this be so, we can not deny the landlord a remedy to recover the possession himself ; and if he be entitled to the possession from the first tenant, the remedy is by unlawful detainer appropriate to his case. I can see no reason why we should allow the tenant to defend his unlawful detainer of the land against his own agreement to restore it in the event that has occurred, on the ground that a subsequent lessee of the same landlord is also entitled to the possession. It is enough for him that he is bound by his own express agreement to restore the possession to his own landlord, and, if he do so, he will not be required to restore it to the second lessee.

The judgment, I think, is right, and, in my opinion, ought to be affirmed.