| 42 | 285 |
| 45a | 343 |

| 42 | 285 |
| 80a | 238 |

| 42 | 285 |
| 99a | ²616 |

———•———

ULYSSES S. GRANT and JULIA B. GRANT, Respondents, *v.* JOSEPH W. WHITE, Appellant.

1. *Landlord and Tenant — Lease — Tenancy from Year to Year — Tenancy at Will.*— Where a tenant holds over by consent, either express or implied, after the determination of a lease for years, it is held to be evidence of a new contract, without any definite period for its termination, and in either case is construed to be a tenancy from year to year. But where a tenant whose lease has expired is permitted to continue in possession, pending a treaty for a further lease, or where there is no express or implied consent, he is not a tenant from year to year, but so strictly at will that he may be turned out of possession without notice.

2. *Landlord and Tenant — Lease — Consent to continue in possession, how may be shown.*— Whether a possession is continued under an express or

implied consent, is a question of fact. Circumstances may be sufficient to authorize a jury to infer an acquiescence on the part of the landlord in the tenant holding over. If the holding over by a tenant, after the expiration of his term of lease, is willful, it cannot be with consent either express or implied.

3. *Married Women — Separate Real Estate — Agents — Contract made by — Liability of Third Persons to Principal for.*— Although land belongs to a *femme covert* in her sole individual right, it is undeniably true that her husband is seized with her in the possession, and she must be held to be acting as his agent. But a man may delegate an agency to his wife, as well as to any other person; or he may ratify her acts as agent, although done without previous authorization. And an agent may make a contract in his own name, whether he describes himself as an agent or not, and his principal will be entitled to sue thereon in all cases, unless from the attendant circumstances it is clearly manifested that an exclusive credit was given to the agent and it was intended by both parties that no resort should in any event be had by or against the principal upon it.

4. *Landlord and Tenant — Lease — Occupation under — Estoppel.* —Where a party voluntarily entered into a contract for the lease of real estate, went into possession under it, and peaceably occupied the premises according to its terms, on the plainest principles of justice he is estopped from disputing its validity.

5. *Landlord and Tenant — Lease — Possession — Construction of Statute.*— The provisions of section 27, chap. 187, Gen. Stat. 1865, cannot be invoked between the parties to an action for unlawful detainer, where defendant was lessee and held his possession under plaintiffs as lessors.

*Appeal from St. Louis Circuit Court.*

*Green & Reese*, for appellant.

I. The plaintiffs must prove a lawful possession of the real estate within three years before suit, and not merely constructive but actual possession. And it is not pretended that plaintiffs ever were in possession of the premises. (Gen. Stat. 1865, p. 732, § 27.)

II. The writing offered in evidence, signed by Julia B. Grant and Joseph W. White, did not give possession to plaintiffs. (1 Tucker, 119, and Chitty's note.) It was executed by a *femme covert*, not as agent for her husband, and not for her separate property, as known to the law, and is not obligatory upon respondents or appellant. ' It must be mutual, or not binding on either. The consideration and inducement for signing the paper was quiet enjoyment of the premises by White, and the

Grant et al. v. White.

surrender of his notes; which consideration has not been fulfilled, nor any tender or offer made to fulfill the same.

III. Even if the writing be construed as a valid lease between plaintiffs and defendant, still it terminated on the first of March, 1865; and, without any objection on the part of plaintiffs, defendant continued to hold the premises until after the middle of May following, planted his crops and prepared for the ensuing year, all of which created a tenancy from year to year, which could only be terminated at the end of the year, on three months' previous notice. (4 Kent's Com. 111; 4 Wend. 327; 3 Hill, 547; 16 Mo. 162; 31 Mo. 13; 26 Mo. 216, 256, 581; 13 Wend. 479; 1 Cruise, chap. 9, p. 251.)

*Lackland & Martin*, for respondents.

I. Instruction No. 1 was properly refused. Defendant knew at the time of the execution of the lease that the lessor was a *femme covert*. He, contracting with her as such, signed the lease, and the law will not permit him to say that the same is not binding on him. The tract of land in question is the property of Mrs. Grant, conveyed to her by her father. It is her separate property, and in respect to it she is regarded as a *femme sole*. (Coats v. Robinson, 10 Mo. 757.)

II. Instruction No. 3 was properly refused, because there was no evidence to show that there was either an express or implied consent to hold over. The lease expired on the first day of March, A. D. 1865, and it was the duty of the defendant to surrender the premises at the expiration of the lease. The doctrine of actual possession for three years contained in this instruction does not apply to the present case. White held these premises under a lease, paid rent under said lease, and when his time expired he became an unlawful detainer. His "uninterrupted possession" was by and with the consent of plaintiffs. The law of this case was fairly and clearly laid down by the court in the instructions given for both defendant and plaintiffs, and the refusal of the instructions complained of by the defendant could not alter the verdict of the jury

WAGNER, Judge, delivered the opinion of the court

Plaintiffs brought their action before a justice of the peace, under the provisions of the statute for an unlawful detainer, and on a trial the jury found a verdict for the defendant. On an appeal to the Circuit Court, the judgment of the justice was reversed and judgment rendered for the plaintiffs. The record shows that defendant purchased the land in controversy, about seven years previous to the trial, and took possession of the same, and has continued in possession ever since. He gave a mortgage on the land to secure the deferred payments, which mortgage was foreclosed and the land sold and finally deeded to Julia B. Grant, one of the plaintiffs. After the land was conveyed to Mrs. Grant, by an instrument in writing she leased the same to defendant for a period of two years. The lease bears date on the 13th day of July, 1863 ; is signed by both the parties ; and provides that defendant shall have the premises from the first day of March, 1863, till the first day of March, 1865, at which time he agreed to give up the possession, unless further arrangements should be made between the parties in writing. The defendant paid part of the rent, but refused to pay the remainder. No arrangement was ever made for a continuation of the lease. Defendant did not give up the possession at the expiration of his lease, but continued in the occupation of the premises till the succeeding May, when the agent of the plaintiffs demanded the same from him, and, upon his refusal to comply, instituted proceedings to recover possession.

For the plaintiffs, the court instructed the jury that if they believed from the evidence that the defendant, White, executed, with Julia B. Grant, the instrument of writing given in evidence, he thereby became the tenant of said Julia B. Grant, in respect to the premises described in said instrument of writing, for the term expressed therein, and if, after the expiration of said term, he willfully withheld the possession thereof from the said Julia B. Grant, after due demand of the same in writing, he thereby became an unlawful detainer of said premises.

The defendant asked the court to give the following instruc-

Grant et al. v. White.

tions : 1. That the pretended contract of lease, in 1863, signed alone by Mrs Julia B. Grant and defendant, is not binding on defendant or plaintiffs, she being a *femme covert* at the time. 3. That if defendant held over after the termination of the pretended lease by either express or implied consent of plaintiffs, defendant became a tenant from year to year, and could not be dispossessed without notice to quit, and at the end of the next year. That unless the plaintiffs, or those under whom they claim, were in actual possession three years before the commencement of the suit, they cannot recover for forcible detainer.

Both of which instructions were refused by the court. The other instructions asked by defendant require no notice. By chap. 187, § 3, Gen. Stat. 1865, p. 730, it is provided that when any person shall willfuly, and without force, hold over any lands, tenements, or other possessions, after the termination of the time for which they were demised or let to him or the person under whom he claims, or when any person wrongfully and without force, by disseizin, shall obtain and continue in possession of any lands, tenements, or other possessions, and after demand made in writing for the deliverance of the possession thereof, by the person having the legal right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer.

The statute further provides that no notice to quit shall be necessary from or to a tenant whose term is to end at a certain time, or when by special agreement notice is dispensed with. (Chap. 189, § 14.) Where a tenant holds over by consent, either express or implied, after the determination of a lease for years, it is held to be evidence of a new contract, without any definite period for its termination, and in either case is construed to be a tenancy from year to year. (Finney *et al.* v. City of St. Louis, 39 Mo. 177, and authorities cited.) But where a tenant whose lease has expired is permitted to continue in possession pending a treaty for a further lease, or where there is no express or implied consent, he is not a tenant from year to year, but so strictly at will that he may be turned out of possession without notice. (Jackson v. Miller, 7 Cow. 747 ; Jackson v. Moncrief, 5 Wend.

26.) Whether a possession is continued under an express or implied assent, is a question of fact. Circumstances may be sufficient to authorize a jury to infer an acquiescence on the part of the landlord in the tenant holding over.

The first clause of the third instruction prayed for by the defendant asserted a correct proposition of law, and would have been entirely proper had it not been rendered unnecessary by the one given in behalf of the plaintiff. That instruction declared that if, after the expiration of the term, the defendant willfully withheld the possession of the premises, he was guilty of an unlawful detainer.

The statute gives the remedy where the detainer is willful, and, if the jury find such to be the fact, the case for the plaintiff is sustained. If the holding over is willful, it cannot be with consent either express or implied. Moreover, by the stipulations of the lease, the term was to end at a certain time, unless it was continued by some agreement, evidenced by writing; and it is not contended that any such agreement was ever attempted to be made.

The next question involves a consideration of defendant's first instruction, that the lease executed by Mrs. Grant was not binding on either party because she was a *femme covert* at the time. Although the property belonged to her, in her sole individual right, it is undeniably true that her husband was seized with her in the possession, and she must be held to be acting as his agent. A man may delegate an agency to his wife as well as to any other person, or he may ratify her acts as agent, although done without previous authorization. An agent may make a contract in his own name, whether he describes himself as agent or not, and his principal will be entitled to sue thereon in all cases, unless from the attendant circumstances it is clearly manifested that an exclusive credit is given to the agent and it is intended by both parties that no resort shall in any event be had by or against the principal upon it. (Story on Agency, § 160, *a*; Higgins v. Senior, 8 Mees. & Welsb. 834, 845.)

The defendant voluntarily entered into the contract, went into possession under it, peaceably occupied the premises according to its terms, and on the plainest principles of justice is estopped

from disputing its validity. (Whalen v. White, 25 N. Y. 462; Bailey v. Kilburn, 10 Met. 176, 223; Hodges v. Shields, 18 B. Mon. 828; Jackson v. Hinman, 10 Johns. 292; Ingraham v. Baldwin, 5 Seld. 45.)

The provisions of the 27th section of the act, which declare that the chapter shall not extend to any person who has had the uninterrupted occupation or been in quiet possession of any lands or tenements for the space of three whole years together, immediately preceding the filing of the complaint, cannot be made applicable to the present case. The agreement made between the parties, and the execution of the lease by the defendant, constituted a valid attornment, and from that time the lessee held his possession under the lessors.

The other judges concurring, the judgment will be affirmed.