V. C. GILLETT, Defendant in Error, *v.* BENJAMIN MATHEWS, Plaintiff in Error.

1. *Practice, civil — Testimony — General exceptions to, not sufficient.*— General exceptions to all testimony will not be re-examined in the Supreme Court.
2. *Forcible entry and detainer — Action by purchaser against lessee in possession, what question submitted to the jury — Construction of statute.*— In an action of forcible entry and detainer by the purchaser of certain property against a lessee in possession, it is proper to submit to the jury by an instruction, the question whether plaintiff, by proper conveyances, had succeeded to the right and remedies of the lessor. (Gen. Stat. 1865, p. 733, §§ 36, 40; Wagn. Stat. p. 648, §§ 36, 40.)
3. *Forcible entry and detainer — Peaceable possession — Limitation of three years — Does not apply when.*— The three-years limitation to proceedings for forcible entry and detainer (Gen. Stat. 1865, ch. 187, § 27; Wagn. Stat. 646, § 27) does not apply to cases where defendant was lessee, and held his possession under plaintiff, as lessor, or under the plaintiff's grantor, or under the prior owr

*Error to Third District Court.*

*J. F. Hardin*, for plaintiff in error.

*Sherwood & Buller*, and *J. & U. Bruneback*, for defendant in error.

The grantees and purchasers from the lessor have now in this State the same remedy for possession by unlawful detainer that the lessor might have had. (Wagn. Stat. 648, §§ 36, 37, 40; Gen. Stat. 1865, p. 733, §§ 36–7; Ferguson v. Brook, 27 Mo. 249; Young v. Smith, 28 Mo. 65; Pentz v. Kuester, 41 Mo. 447; Fanning v. Voelker, 40 Mo. 129; Wood v. Dalton, 26 Mo. 581.)

CURRIER, Judge, delivered the opinion of the court.

This is an unlawful detainer suit. On appeal from the judgment of the justice to the Circuit Court, the plaintiff obtained judgment for possession, which was affirmed in the District Court, and the defendant brings the cause here by writ of error. It is objected that improper evidence was admitted in behalf of the plaintiff, and that the court misdirected the jury.

1. The record contains a minute at the foot of the testimony, showing that the defendant objected to all of the plaintiff's evidence, but for what reason, or upon what grounds, does not appear. The objections are therefore not open for re-examination here. (Knipper v. Bechtner, 32 Mo. 255.)

2. The plaintiff gave evidence tending to show that one Thatcher was in possession of the disputed premises in the summer of 1862; that he put the defendant in charge of the property, with liberty to occupy it for his own use, without accountability for rent, until Thatcher should call for it, the duration of the tenancy being left open and indefinite. On the 23d of December, 1865, Thatcher sold and conveyed the premises to one Wells, informing him of the defendant's relation to the property, and Wells subsequently sold and conveyed to the plaintiff, who instituted these proceedings after demand and notice, to-wit: on the 2d day of March, 1868. The defendant's possession was continuous from the summer of 1862, but he paid no rent, and there was evidence tending to show that he recognized Wells as the owner of the property after the latter's purchase from Thatcher.

On this general basis of fact and evidence, the court gave one instruction for the plaintiff and none for the defendant. The instruction given for the plaintiff is complained of as erroneous because it is supposed to submit to the jury the question of title to the premises, and the title, it is insisted, can not be inquired into in this form of action. The instruction does not submit the question of title as between the lessor and lessee, but simply the question whether the plaintiff by proper conveyances had succeeded to the rights and remedies of the lessor—and this was proper. (Gen. Stat. 1865, p. 733, §§ 36, 40; Young v. Smith, 28 Mo. 65; Pentz v. Kuester, 41 Mo. 447.) That the deeds read in evidence conveyed to the plaintiff all of Thatcher's right does not appear to have been a disputed proposition. The instruction is further objected to because it is supposed to base the plaintiff's right of recovery on the admission by the defendant of title in the plaintiff and those standing back of him in the chain of title, within the three years next preceding the institution of the suit.

The instruction is unhappily drawn in this respect, and incorporates superfluous matter, but the superfluous matter thus incorporated would seem to be more prejudicial in its tendency to the plaintiff than the defendant; for it appears to make it conditional to the right of recovery that the jury should be satisfied not only that the plaintiff had succeeded to the rights and remedies of the defendant's lessor, but also that the defendant had admitted the facts to be so. The deeds read in evidence established the plaintiff's rights in this regard, without reference to the defendant's admissions.

The defendant asked the court to instruct the jury that if they believed from the evidence that the defendant has been in possession of the premises in controversy more than three whole years next before the 2d day of March, 1868, they should find for him. This instruction is founded upon a misconstruction of section 27, chapter 187, of the General Statutes, and was properly refused. It has been held that this provision of the statute did not apply to cases where the defendant was lessee and held his possession under the plaintiff as lessor. (Grant v. White, 42 Mo. 285.) Nor does it apply, and for the same reason, when the defendant was the lessee and held his possession under the plaintiff's grantor or the prior owner, as in this case. The relation of lessor and lessee subsisted between defendant and Thatcher down to the time of Thatcher's conveyance to Wells, December 23, 1865, and that conveyance terminated the defendant's relation to the premises as lessee, and made his possession thenceforward adverse; still, the suit was brought within the prescribed three years. But there was evidence tending to show that the tenancy continued under Wells, and that Wells was recognized as the owner of the premises and as the defendant's landlord. The defendant's instruction was too broad and sweeping, and failed to embrace the controlling elements of the case.

The other judges concurring, the judgment will be affirmed.