———o———

THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant, *vs.* JAMES S. HILL, Respondent.

1. *Forcible entry and detainer—Conditional purchase of land—Party holding under vendee, liability of—Three years possession, Constr. Stat.*—Where one in possession under an inchoate contract for the purchase of land, turns his possession over to a third party, the latter will not be subject to an action of unlawful detainer by the original vendor under § 3 of the Forcible Entry and Detainer Act. (Wagn. Stat., p. 642.) And even where the possession is obtained under demise or lease or by disseizin—as contemplated by that statute—if defendant has been in uninterrupted occupation for three years, he will be protected. (See § 27, Id., p. 646; also Biddle vs. Ramsey, 52 Mo., 153.)

*Appeal from DeKalb Circuit Court.*

*Carr & Leach*, for Appellant.

I. Respondent stood in Wagner's shoes and immediately he was notified of the determination of said contract on the part of appellant, he became a tenant at will; and after the demand was made upon him for the deliverance of possession thereof and after his refusal to quit such possession, he became guilty of an unlawful detainer. (Wagn. Stat., 642, § 3; Ash, Adm'r, vs. Holden, 36 Mo., 163; Venable vs. McDonald, 4 Dana, 337; Dew vs. Webster, 10 Yerger, 513; 5 Yerger, 398; 2 Marsh, 242; 3 Pet., 43; 12 Pet., 264.)

II. The respondent does not come within the spirit and intent of § 27, p. 646, Wagn. Stat., which protects him after three years possession, etc. He was not guilty of an unlawful detainer until after a demand was made in writing for the deliverance of said possession of said land, and his refusal to quit such possession. (Grant vs. White, 42 Mo., 285.)

*William Henry*, for Respondent.

I. Respondent had been in possession more than three years, hence, neither forcible entry and detainer nor unlawful detainer can be maintained. (Wagn. Stat., 646, § 27.)

II. Appellant cannot maintain this action under the first clause of § 3, for the terms "demise or let," etc., are apt terms to describe a leasehold estate; and, in the connection in which they are used in this clause, clearly show that it has no application to any person but a tenant or sub-tenant. Nor can he maintain the action under the second clause of this section, because the statement fails to show that the respondent was a disseizor.

III. Under the statute we are now considering, this court has defined the term "disseizin" to mean "any entry which is wrongful and without force, upon the actual possession of another." (Spalding vs. Mayhall, 27 Mo., 377; see, also, 3 Blackst. Comm.; Wunsch vs. Gretel, 26 Mo., 580.)

SHERWOOD, Judge, delivered the opinion of the court.

In 1867, the plaintiff sold to one A. B. Wagner, a tract of land in DeKalb county, for a certain consideration, which was to be paid in ten annual instalments, as shown by the instrument which evidenced the contract. By the terms of this instrument, time was made the essence of the contract, and provision was made therein, that if Wagner failed to punctually pay the annual sums specified, and each of them, he was, immediately upon such failure, to surrender possession, and the contract and all benefit arising therefrom, to the vendee, were thenceforth to cease and determine, and all legal and equitable rights which he had thereby acquired, were thereupon, without re-entry or declaration of forfeiture, to revert to, and be reinvested in, the vendor, etc., etc. Wagner, under this contract, entered into possession of the purchased premises, remained a year, and made but one payment, when he left, after having placed in possession thereof the defendant, who ever since has continued to hold the land in controversy. When the sixth annual payment became due and remained unpaid, as well as the second, third, fourth and fifth yearly payments, the plaintiff served a notice to quit on defendant, and upon his failure to do so, instituted, before a justice of the peace, the present action of unlawful detainer.

The defendant appealed from the judgment of the justice, and, in the Circuit Court, successfully moved the dismissal of the suit, on the ground that the complaint showed that defendant had been in the quiet possession of the land sued for, and had the uninterrupted occupation of the same, for the space of three whole years together, immediately preceding the filing of the complaint.

This motion of the defendant embodies the first clause of § 72, art. 11 of the Forcible Entry and Detainer Act (Wagn. Stat., 646), and there was no error in the ruling which held that plaintiff, under the circumstances as detailed in the complaint, was not entitled to maintain the action. Section 3 of the above mentioned article has no reference whatever to a case of this character, but only applies to two classes of cases.

First, where a person wilfully and without force, holds over any lands after the termination of the time for which they were *demised* or *let* to him, etc. ; or, Second, when any person wrongfully and without force, by disseizin, shall obtain and continue in possession of any lands, after demand made in writing, etc., shall refuse to quit possession, etc.

Here the premises were never let or demised to Wagner nor to defendant, nor was the possession obtained by either of them, wrongfully and without force by disseizin.

But even had possession of the premises been obtained in either of the above specified modes, still the uninterrupted occupation of the land sued for, by the defendant for three whole years together, next preceding the filing of the complaint would be a complete bar to plaintiff's action. (Biddle vs. Ramsey, 52 Mo., 153.)

The cases of Grant vs. White (42 Mo., 285), and of Gillete vs. Mathews (45 Mo., 307), relied on by plaintiff as being in point do not bear the remotest resemblance to the case at bar; as each of those cases evidently proceed upon the theory that there had been no such period, nor character of possession as is evidently contemplated by § 27, above referred to.

Judgment affirmed; all the judges concur.