## KAULLEEN v. TILLMAN, *Appellant.*

1. **Unlawful Detainer:** LANDLORD AND TENANT. Under the present statute a landlord may maintain an action of unlawful detainer against a tenant holding over, notwithstanding he may never, himself, have been in the actual possession of the premises. The tenant's possession is the landlord's, and is sufficient to support the action. The fact that the tenant has been in possession for three years before the commencement of the unlawful detainer, is no bar.

2. **Surprise.** The affidavit accompanying the motion for new trial, asked in the present case, on the ground of surprise, examined and held insufficient.

*Appeal from Osage Circuit Court.*—HON. E. J. SEAY, Judge.

*Nathan C. Kouns* for appellant.

The law is well settled that unlawful detainer cannot be maintained against one who has had three years uninterrupted possession, nor by one who has not been in possession within three years. 1 Wag. Stat., § 27, p. 646; *Bartlett v. Draper*, 23 Mo. 407; *Blount v. Winright*, 7 Mo. 50; *Hatfield v. Wallace*, 7 Mo. 112; *Biddle v. Ramsay*, 52 Mo. 153; *Wood v. Dalton*, 26 Mo. 581; *Miller v. Tillman*, 61 Mo. 316; *Beeler v. Cardwell*, 29 Mo. 72. The so-called lease did not work an actual change of possession in favor of Miller. *Wood v. Dalton*, 26 Mo. 581; *Michau v. Walsh*, 6 Mo. 346; *Hannibal & St. Joe. R. R. Co. v. Hill*, 60 Mo. 281.

*Lay & Belch* for respondent.

NORTON, J.—This is an action of unlawful detainer by defendant, of land, possession of which is claimed by plaintiff. On appeal to the circuit court from the judgment of the justice of the peace, it was tried *de novo* and judgment rendered for plaintiff, from which defendant has appealed to this court. It appears from the evidence that defendant took possession of the land in 1868, and has resided on it ever since; that in 1871 P. T. Miller obtained judgment against defendant in an action of forcible entry and detainer, which, on appeal to this court, was affirmed, and a writ of restitution awarded, with which the sheriff, in company with the agent of Miller, went to the premises occupied by the defendant, Tillman, for the purpose of executing the writ, whereupon defendant accepted the following lease:

"These articles of lease, made and entered into this 4th day of December, 1875, by and between Antoine Tillman, of the county of Osage, and P. T. Miller, of the county of Cole, both of the State of Missouri, witnesseth, That, whereas, said Miller has obtained judgment for the

possession of the following described real estate," (the same as described in the complaint,) and the improvements thereon of whatever kind. Therefore, it is this day agreed that the said Miller rents to said Tillman said land for the sum of $1.00 until the 15th day of December, 1875, and the said Tillman hereby agrees to deliver and give possession to said Miller, or his agent, without further notice, on that day.

Witness our hands and seals, this 4th day of December, 1875.

A. TILLMAN, [SEAL.]<br>
P. T. MILLER. [SEAL.]

Witness: LOUIS C. W. KRAUTHOFF.

The above articles of lease are, on this 20th day of December, 1875, renewed until the 1st day of March, 1876, on the same terms and conditions therein contained, and for the sum of $1.00.

A. TILLMAN, [SEAL.]<br>
P. T. MILLER. [SEAL.]

Witness: LOUIS C. W. KRAUTHOFF.

I assign the within lease to      *     *

P. T. MILLER.

It also appears that on the 20th day of February, 1876, Miller, by deed, conveyed the land in question to plaintiff, and that after the expiration of the time of renting specified in the lease, demand in writing for possession of the premises was made of defendant, which he refused to deliver. Upon this state of facts the court gave the following instructions: "If the court, sitting as a jury, believe from the evidence that the defendant, Tillman, leased from P. T. Miller the land described in plaintiff's complaint herein, that P. T. Miller conveyed the said property by deed to the plaintiff, Kaulleen, and that by the terms of said agreement Tillman agreed to deliver the possession o said lands to Miller's grantee, Kaulleen, then the defendant is guilty of unlawful detainer in manner and form as

charged in the complaint herein, and the court will so find."
2. "The court declares as a matter of law, that the conveyance by deed of the land from Miller to Kaulleen was an assignment to Kaulleen of all rights existing in favor of Miller against Tillman, and entitles the plaintiff to recover if the facts are as stated in the first instruction of plaintiff."

These instructions are objected to on the ground that it was not shown that Miller, the grantor of plaintiff, had ever been in the actual possession of the land, or that plaintiff had ever been in possession. We are of opinion that the objection is not well taken. The action is founded on section 3, page 642, Wagner's Statutes, which declares that " when any person shall willfully and without force, hold over any lands, tenements or other possessions after the termination of the time for which they were demised or let to him, &c., such person shall be deemed guilty of unlawful detainer." The possession of defendant, Tillman, after accepting the lease in evidence and holding under it, was the possession of Miller, the lessor, and according to the terms of section 3, *supra*, his refusing to deliver possession of the leased premises after the expiration of the time for which they were leased, made him liable to an action for unlawful detainer by the person having the legal right to such possession. This view is fully sustained by the cases of *Grant v. White*, 42 Mo. 285, and *Gillet v. Mathews*, 45 Mo. 307, and justifies the court in giving the instructions complained of. The principle announced in them also prohibits defendant from invoking as authority in support of the instructions asked by him and refused by the court, section 27, p. 646, Wag. Stat., for it is expressly declared that said section does not apply to an action of unlawful detainer as provided in section 3.

It is also insisted that defendant's motion for new trial ought to have been sustained on the ground therein alleged, that he was mistaken as to the day of trial, that it was tried on Friday, when he had been informed by Ryors, one

of his attorneys, that it was set for trial the Tuesday following, and that in consequence of this mistake he was not present at the trial with two of his witnesses. The record shows that when the case was called for trial both parties appeared, announced themselves ready, and submitted the cause to the court without the intervention of a jury. The affidavit of Ryors accompanying the motion shows that he was the attorney of defendant and tried the cause before the justice of the peace, and that he was present at the trial in the circuit court as defendant's attorney. This affidavit fails to show that defendant was informed by Ryors that the cause was to be tried on Tuesday instead of Friday. Besides this, there is nothing in the affidavits filed with the motion which shows that defendant had made any preparation for trial, either for Friday or Tuesday, further than to ride to Jefferson City for the purpose of getting another attorney to attend the trial. Had he used the process of the court, whether the cause was set for hearing either on Friday or Tuesday following, it would, perhaps, have been effectual in bringing to court the two witnesses by whom he states he expected to prove certain facts, and would have shown such diligence as would have entitled his motion to favorable consideration by the court. The failure of Ryors' affidavit to show that he was mistaken as to the day of trial, or how the mistake occurred, if there was one, or that he gave defendant incorrect information in regard thereto, and the want of diligence on the part of defendant to ascertain the facts, in connection with the presence of one of his attorneys at the trial announcing himself ready, and submitting the cause for trial, fully justified the court in overruling the motion. Judgment affirmed, in which all concur.

AFFIRMED.