Sexton v. Hull.

---

EDGAR C. SEXTON, Appellant, v. OTIS C. HULL, Respondent.

Kansas City Court of Appeals, May 11, 1891.

1. **Landlord and Tenant**: RELATION BETWEEN GRANTOR AND TRUSTEE IN DEED OF TRUST. By the terms of a trust deed the grantor along with the title sold and delivered the possession to the trustee, and the trustee let the premises to the grantor at a given rate

until the sale thereof, and the grantor bound himself to surrender possession within ten days of such sale. *Held*, the instrument created the relation of landlord and tenant between the grantor and trustee.

2. **Unlawful Detainer:** GRANTOR AND PURCHASER UNDER DEED OF TRUST : STATUTE. The forcible entry and detainer statute gives the grantee or his assignee a right to maintain the action of unlawful detainer which did not before its enactment exist, conferring the right of action upon the person having the legal right to the possession. So the purchaser under a deed of trust may maintain the action against the grantor in such deed, where by the terms of such deed the relation of landlord and tenant exists between the grantor and trustee.

*Appeal from the Platte Circuit Court.*—HON. J. M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Fyke & Hamilton*, for appellant.

Under the provisions of the deed of trust, the legal title to the property was vested in the trustee. *Jones v. Mack*, 53 Mo. 147. By the terms of the deed of trust, possession of the property was delivered to the trustee, and the grantor therein took a lease back ; she thereby became a tenant of the trustee. Plaintiff, by his purchase at trustee's sale, acquired the right of possession, and can maintain this action. R. S. 1889, sec. 5120; *Kelley v. Clancy*, 15 Mo. App. 519 ; *Knullen v. Tillman*, 69 Mo. 510 ; *Waples v. Jones*, 62 Mo. 440-444.

*Sherry & Hughes*, for respondent.

( 1 ) The respondent contends, that, notwithstanding a party may have a right to the possession of real property, it is not every such right of possession, that would authorize the bringing of an action for unlawful detainer. The nature and character of the action of unlawful detainer is clearly defined in section 5089, page 1241, Revised Statutes of 1889. ( 2 ) The respondent contends that the only way a purchaser at a trustee's sale

can obtain possession of the property mentioned in his deed is by a suit in ejectment. *Peugh v. Davis*, 96 U. S. 332. (3) A purchaser at a trustee's sale cannot maintain an action for unlawful detainer, but must bring his action in ejectment. *Spaulding v. Mayhall*, 27 Mo. 377; *Hatfield v. Wallace*, 7 Mo. 112. (4) The action of unlawful detainer, being purely a possessory action, the plaintiff must show actual prior possession of the premises. *Ford v. Fellows*, 34 Mo. App. 630; *Degran v. Prior*, 53 Mo. 315; *Edwards v. Carey*, 60 Mo. 572; *Kibgman v. Abington*, 56 Mo. 46; *May v. Luckett*, 48 Mo. 472; *Craig v. Donnelly*, 28 Mo. App. 342. (5) We have no comment to make upon the authorities cited on the part of the appellant, further than to say, that in our opinion they have no application in this case.

SMITH, P. J.—This is an action of unlawful detainer, commenced before a justice of the peace, to recover possession of a house and lot in Kansas City. The case was removed by appeal to the circuit court of Jackson county, from whence the venue was changed to the circuit court of Platte county, where there was a trial before the court, a jury not being required. The evidence in the record discloses the salient facts to be that: On August 16, 1889, Mary H. Hale executed a deed of trust by which she conveyed the property in controversy to Robert H. Hamilton, trustee, to secure the payment of a promissory note therein described. The deed of trust recites that the party of the first part "in consideration of the debt and trust hereinafter mentioned, and of the sum of $1 to be paid, * * * does by these presents grant, bargain and sell, convey and confirm unto the party of the second part (the premises described), and *possession of said premises now deliver unto the said party of the second part, to have and* to hold the same," etc. Then follow the usual conditions as to the sale in case of default, and after that follows a lease

clause as follows : "And the said party of the second part hereby lets said premises to said party of the first part until a sale be had, upon the following terms, to-wit : The said party of the first part, and every and all persons claiming or possessing such premises, and any part thereof, shall pay rent therefor during said term at one cent per month, payable upon demand, and shall and will surrender peaceable possession of said premises, and any and every part thereof sold under said provisions to said party of the second part or purchaser thereof under such sale, *within ten days* after such sale, and without notice or demand therefor."

Default was made in the payment of the debt secured, and the trustee, in accordance with the terms of the deed, advertised and sold said property on December 14, 1889, and on that day executed to plaintiff a deed in due form. Plaintiff exhibited his trustee's deed to defendants, who were living in the property, Mary H. Hale having married Otis C. Hull after the deed of trust was executed, and demanded possession, which they refused to yield. He also demanded rent, which they refused to pay. After the expiration of ten days after the sale, this suit was brought. The court upon this state of facts declared by an instruction that the plaintiff could not recover. Defendant had judgment, and plaintiff appeals.

I.   One of the questions presented in this case is, whether or not under the provisions of the deed of trust the relation of landlord and tenant was created between the trustee, Hamilton, and the grantor, Mary H. Hale. It recites that in consideration of the debt and trust, therein mentioned, the grantor did grant, bargain and sell said premises and the possession thereof to the trustee. This, coupled with the further recital that the trustee let to the grantor said premises until a sale thereof be had, in consideration of which the grantor bound himself to pay rent during said term at the rate

of one cent per month and to surrender peaceable possession of said premises to said trustee within ten days of the making of such sale, it seems to us, is sufficient to create this relation. It is quite true that the operative effect of a deed of trust ordinarily is to vest the legal title to the estate in the trustee (*Jones v. Mack*, 53 Mo. 147), leaving the possession in the grantor; but upon no ground of principle can we say that the grantor may not by the terms and conditions of his deed deliver the possession to the trustee and become his occupying tenant. It is so nominated in the deed of trust in that case, as has been already seen. This was a part of the inducement offered for the loan of the money to the grantor, and without which it perhaps would not have been made. The existence of the relation of landlord and tenant, between the grantor and trustee, in no way impaired the grantor's right of redemption. By it no right of the grantor was in any way waived or abridged. The grantor could have at the maturity of the debt paid it off, and thus redeem the premises. A satisfaction of the trust deed would revest the legal title in the grantor, and no reason is perceived why it would not have the effect to rescind the lease clause in the satisfied trust deed; and thus terminate the grantor's and trustee's relation of landlord and tenant. Special provisions of various kinds to suit the convenience of the parties may be inserted in a mortgage. Jones on Mortg., sec. 79. After accepting the lease of the trustee and holding under it the possession of the grantor was the possession of the trustee. *Knullen v. Tillman*, 69 Mo. 510; *Gillett v. Mathews*, 45 Mo. 307; *Grant v. White*, 42 Mo. 285. The grantor under the lease clause in the deed of trust was undoubtedly the tenant of the trustee for the term therein specified.

II. Having reached the conclusion that the relation of landlord and tenant was created and existed under the provisions of the trust deed between the

trustee and the grantor therein, it remains to be considered whether or not after the sale by the trustee under the trust deed, and the purchase of the premises by the plaintiff, and the refusal of the grantor to surrender possession, according to the provisions of the lease clause in the trust deed, the plaintiff can maintain his action of unlawful detainer. The lease by its terms did not expire until ten days after the sale by the trustee and the purchase by the plaintiff. The defendant, the grantor in the deed of trust, was rightfully entitled to remain in possession of the premises under the lease for ten days after the trustee had sold the same to the plaintiff, so that the trustee was at no time entitled to the possession of said premises, for the reason, as already stated, the grantor's term did not terminate until ten days after the sale whereby he parted with his interest in the premises. As we have seen by the authorities already cited, the possession of the grantor was the possession of the trustee, so that he had the kind of possession of the premises that would have been sufficient to maintain the action of unlawful detainer had he been entitled to the possession before the sale under the trust deed. But, as the grantor was not guilty of unlawful detainer until after the expiring of the lease, there never was a time when the trustee could sue. The trustee could not sue for the unlawful detention of the premises after the sale.

Could the plaintiff, his grantee, maintain the action? The plaintiff has never been in possession, though his grantor has. Under the statute as it existed prior to 1835, the person having the legal right to the possession, who had never himself been in possession, could not maintain the action of forcible entry and detainer, or of unlawful detainer, but was put to his action of ejectment. *Reed v. Holland*, 11 Mo. 605; *Smith v. Young*, 28 Mo. 519 ; *Hatfield v. Wallace*, 7 Mo. 60 ; *Housier v. Zoller*, 24 Mo. 13 ; *McCartney v. Alderson*, 45 Mo. 35.

The provisions of the statute of 1835 referred to have been incorporated in each successive revision. R. S. 1855, sec. 36, p. 794; R. S. 1865, secs. 36, 37, p. 733; R. S. 1879, secs. 2453, 2454; R. S. 1889, secs. 5120, 5121.

Section 5120 provides that "* * * grantees and assigns of any lands * * * shall be entitled to the same remedies against persons guilty of forcible entry and detainer, or unlawful detainer of such lands * * * before * * * the grant or assignment thereof * * * as the grantor or assignor * * * was entitled to by virtue of this chapter." Section 5121 further provides "if any lessor of any lands * * * shall grant or assign such lands before the expiration of the term for which they were demised or let, his * * * grantees, assigns * * * shall have the same remedies against anyone guilty of unlawful detainer by holding over such lands * * * after the term for which they were dismissed or let, as such lessor would have, if he had * * * not granted or assigned such lands" * * *. These statutes were enacted, as we think, to afford a remedy in a case like the present one. It gives the grantee or assignee a right to maintain the action of unlawful detainer which did not before its enactment exist in such cases. It confers the right of action upon "the person having the legal right of possession." *Kelley v. Clancy*, 15 Mo. App. 519; *Knullen v. Tillman*, 69 Mo. 510; *Waples v. Jones*, 62 Mo. 440. We, therefore, are of the opinion that the plaintiff, the grantee of the said trustee, is, under the evidence in the record before us, entitled to recover in this form of action, against defendants. It follows that the instruction of the circuit court to the effect that plaintiff was not entitled to recover was wrong, and for which reason the judgment will be reversed and cause remanded. All concur.