## R. D. Long, Appellant, v. Issachar Noe, Respondent.

### Kansas City Court of Appeals, April 4, 1892.

**Unlawful Detainer:** LESSEE v. LESSOR: STATUTE. A lessee never in possession, and to whom lessor refuses possession, could not, at common law, maintain unlawful detainer against the lessor, nor can he, under sections 5120 and 5121, Revised Statutes, 1889. (*Sexton v. Hull*, 45 Mo. App. 339, *distinguished.*)

*Appeal from the Boone Circuit Court.*—Hon. John A. Hockaday, Judge.

AFFIRMED.

*Thomas S. Carter* and *Sam C. Major*, for appellant.

The court committed manifest error in refusing instruction, numbered 3. It enunciated a proposition of law which, if correct, was decisive of this case, and entitled plaintiff to a judgment. It asked the court to declare the law to be, "That a lessee, who had not been

in possession under his lease, is, within the meaning of the statutes, an assign of the owner and lessor, and may maintain the action of unlawful detainer." That such is the law I refer to the case of *Kelly v. Clancy*, 15 Mo. App. 519. Judge THOMPSON, in delivering the opinion of the court, pages 524 and 525, makes a thorough review of the statute upon this subject, and declares the law as in this instruction asked. The real owner of the property may be guilty of unlawful detainer. *Gooch v. Holland*, 30 Mo. App. 450.

*A. W. Turner*, for respondent.

The vital force of the appellant's contention culminates in instruction, numbered 3. That instruction asserts as a legal proposition, that the appellant can maintain this action against his lessor (respondent), because he is the "assign" of respondent, although he (appellant) had never been seized, and, consequently, had never been disseized of the possession of the premises. Now, appellant cannot avail himself of this instruction, because, *first*, it directly controverts the averment of his complaint, "that he was in the possession of the premises, and that respondent afterwards, without force, by disseizin, obtained such possession; and, *second*, because the word "assign," employed by the statute on which the instruction is bottomed, gives to the appellant a right to maintain this action against third persons only, persons other than the assignor or lessor, and gives him no right of action against respondent as the "assign" of the latter. The only instance in which he could maintain an action of unlawful detainer against respondent would be in a case in which appellant showed himself, *first*, to have been in possession; *second*, that respondent had, without force, by "disseizin," deprived him of that possession. The case

of *Kelly v. Clancy*, 15 Mo. App. 519, which is cited by the counsel for appellant, is decisive of this point, and is eminently pertinent. See, also, in this connection *Ford v. Fellows*, 34 Mo. App. 630, and case therein cited.

ELLISON, J.—This action is unlawful detainer, presenting a single question for our decision. There were two points made against the judgment, but as one of them embraced a question of fact decided adversely to plaintiff in the trial court, he has withdrawn it from our consideration. The remaining question is this: Can a lessee, never in possession, and to whom the lessor refuses possession, maintain unlawful detainer against the lessor? The trial court thought not, and this being also our opinion we will affirm the judgment. Prior to the statute of 1855, an action of forcible entry and detainer, or unlawful detainer, could not be maintained by one who had never been in possession. He was driven to an action of ejectment. *Sexton v. Hull*, 45 Mo. App. 339. That statute which is yet in force, being found in the revision of 1889 as sections 5120 and 5121, relieved this inconvenience; but, we think, not to the extent claimed by plaintiff. Section 5120 reads as follows: "Heirs, devisees, grantees and assigns of any lands * * * shall be entitled to the same remedies against persons guilty of forcible entry and detainer, or unlawful detainer * * * before the descent, devise, grant or assignment, as the ancestor, devisor, grantor, assignor or intestate was entitled to by virtue of this chapter." This section simply provides that when there has been a forcible entry and detainer, or unlawful detainer, before the death of the owner, or before the grant or assignment of such owner, that, in such case, the heir, or the grantee, or assignee, could invoke the same remedy which the ancestor, or grantor, or assignor,

could have asserted.  *Kelly v. Clancy*, 15 Mo. App. 519.

Section 5121 reads that, "If any lessor of any lands  *  *  *  shall die, or shall grant or assign such lands  *  *  *· before the expiration of the term for which they were demised or let, his heirs, devisees, grantees, assigns and  *  *  *  shall have the same remedies against anyone guilty of an unlawful detainer, by holding over,  *  *  *  as such lessor would have if he had not died, or had not granted or assigned such lands."  *  *  *

This section simply enacts that when lands are rented or leased, and, after renting or leasing, the lessor dies, or sells, or assigns, his heirs, grantees or assignees shall have the same remedies against the tenant or lessee that he, the lessor, would have been entitled to had he not died, sold or assigned.  These sections continue a remedy to the heirs, devisees, grantees, assignees or lessees which existed in the ancestor, grantor, assignor or lessor.  The sections necessarily contemplate third parties as being guilty of the forcible entry, or unlawful detention.  In the case at bar, the lessor himself is the party guilty of the unlawful detainer.  The statute, therefore, is not applicable.  It does not cover such a case.  By the assignment or grant, the assignor or grantor transfers his remedy—not against himself, for that would be a strange thing—but against third persons.

There is nothing in the case of *Sexton v. Hull*, 45 Mo. App. 339, which in the least conflicts with what we decide in this case.  It is true that in that case we sustain unlawful detainer brought by a grantee, who had never been in possession, against the prior owner, the grantor in a deed of trust.  But in that case the grantor in the deed of trust, by the provisions of the deed, made himself the *tenant* of the trustee.  His possession was

the trustee's possession as his landlord (*Kaulleen v. Tillman*, 69 Mo. 510), and the trustee could, of course, assert the remedy of unlawful detainer. When, therefore, the trustee sold the land, the purchaser at such sale became a grantee, and thus entitled, under the terms of the foregoing statute, to the remedy of unlawful detainer against the grantor in the deed of trust. The judgment is affirmed. All concur.