W. L. BRADFORD, Respondent, v. W. L. TILLY, Appellant.

St. Louis Court of Appeals, February 4, 1896.

1. Forcible Entry and Detainer: SUFFICIENCY OF STATEMENT OF CAUSE OF ACTION. The statement of the cause of action in a suit for unlawful detainer will, under the doctrine of *stare decisis,* be held sufficient when it is in exact accordance with the form set forth in the appendix to the Revised Statutes.

2. ———: RIGHTS OF GRANTEE OF LANDLORD. Land was leased by a receiver appointed in a suit for the partition of it, and thereafter sold under the decree in partition. *Held,* that the purchaser, as the assign of the receiver, could maintain an action of unlawful detainer against the lessee for holding over after the expiration of the term.

3. ———: ———: EFFECT OF TENANT'S POSSESSION FOR OVER THREE YEARS. The fact, that a defendant in an action for unlawful detainer has for more than three years been in the possession of the premises sued for, will not avail him when his possession was in no sense adverse but was held only as tenant under the assignor of the plaintiff.

*Appeal from the Texas Circuit Court.*—HON. V. M. HINES, Special Judge.

AFFIRMED.

*Charles H. Shubert* for appellant.

*Woodside, Hill* and *Johnson* for respondent.

ROMBAUER, P. J.—The action is unlawful detainer. The plaintiff recovered judgment for possession and damages. The errors assigned by the defendant are that the plaintiff's statement is jurisdictionally defective, and that under the uncontroverted facts the judgment should have been for the defendant.

The statement, omitting the caption, is as follows:

"William L. Bradford complains to John McDonald, a justice of the peace within and for the county of Pulaski, that on the fifth day of March, 1894, he had the legal right to the possession of the north half of the southwest quarter, and the southeast quarter of the southwest quarter, of section twelve (12), township thirty-five (35), range twelve (12), containing one hundred and twenty acres, situate in Pulaski county, Missouri; and that W. L. Tilly willfully and without force holds the possession of the said premises after the termination of the time for which they were let to him, and after demand made in writing for the delivery of the possession of the same.

"The complainant further states that he has sustained damages by reason of the unlawful detainer aforesaid in the sum of two hundred dollars ($200), and that the value of the monthly rents and profits of said tenements are twenty dollars ($20). Wherefore, the complainant prays judgment for restitution, and for his damages, and the value of the monthly rents and profits aforesaid.

"W. L. BRADFORD, Complainant."

If the question as to the sufficiency of the statement were of first impression in this state, we would not hesitate to hold it insufficient under the great weight

of authority in other states.    Although great liberality is indulged in to uphold statements before justices, yet the rule is uniform that they must state facts, and not conclusions of law.    *Butts v. Phelps*, 79 Mo. 302.    The statement filed in this case, however, is in the exact form given on page 2262 of the Revised Statutes of 1889, which is the exact form given in the appendix to the Revised Statutes of 1855.    The requirements of the statute were the same in 1855 as they are at the present day, and under that statute a statement which was not more specific than the statement in the case at bar was adjudged to be sufficient in *Ish v. Chilton*, 26 Mo. 256.    The courts have uniformly followed that ruling since (*Alexander v. Westcott*, 37 Mo. 108; *Cabanne v. Spaulding*, 14 Mo. App. 312; *Witte v. Quinn*, 38 Mo. App. 681) and, as it has been unquestionably relied on by practitioners in framing this class of statements, the rule of *stare decisis* is eminently applicable.    We must, therefore, overrule the assignment of error relating to the insufficiency of the complaint.

The following facts were shown upon the trial by uncontroverted evidence:  The premises in controversy are agricultural lands, which, since 1872, were in possession and farmed by the defendant, first as tenant of his mother, and after her death as cotenant of the other heirs of his father.   A partition suit was instituted between the heirs of Wilson Tilly, deceased, of whom the defendant was one, for the purpose of partitioning certain lands including the premises in controversy. In this partition suit one Ross was appointed receiver, and as such he executed a lease to the defendant, which by its terms expired on the first day of March, 1894. Under the decree in the partition suit the lands, including the premises in controversy, were sold in September, 1893, and the plaintiff became the purchaser.    On the sixth of March, 1894, the court made an order

directing the receiver to assign all leases of the lands to the plaintiff as purchaser, and the receiver assigned to the plaintiff on the same day the lease which he had granted to the defendant. The plaintiff thereupon demanded possession of the premises from the defendant, and upon his failure to surrender the possession, he instituted the present action.

Section 5120 of the Revised Statutes of 1889, provides, among other things, that the assign of any lands shall be entitled to the same remedies against persons guilty of unlawful detainer of such lands as the assignor was entitled to by virtue of this chapter.

Section 6387 provides: "If the owner or holder alien or assign his estate or term    *    *    *    his alienee or assignee may recover such rent."

The plaintiff in the case at bar was an assign and alienee of the premises in question, and his right to their possession, and right to recover rent, dated back to the date of the partition sale, which occurred, as above seen, in September, 1893. *Stevenson v. Hancock*, 72 Mo. 612; *Winfrey v. Work*, 75 Mo. 55. The assignment of the lease to him by the receiver could invest him with no new and additional right, since said lease had expired, and there is no claim that any rent remained unpaid thereunder. The admission of that lease, however, was proper for the purpose of showing that the defendant's tenancy expired at a time certain, and that he was not entitled to any notice to quit. Revised Statutes, 1889, section 6372; *Young v. Smith*, 28 Mo. 65. The right of possession carries with it the remedy also. *Kaulleen v. Tillman*, 69 Mo. 510; *Kelly v. Clancy*, 15 Mo. App. 519; Revised Statutes, 1889, sec. 6397. As the defendant Tilly was a party to the partition suit, and is conclusively bound by the record therein, the fact that he was in possession of the premises for more than three years is wholly immaterial,

since his possession became adverse to the plaintiff only when he refused to surrender possession. The case is governed by the principle decided in *Kaulleen v. Tillman, supra,* and *Sexton v. Hull,* 45 Mo. App. 339, and not, as the defendant conceives, by that decided in *Long v. Noe,* 49 Mo. App. 19.

No instructions were asked by either party, and none were given by the court of its own motion; and, as the judgment is supported by the uncontroverted facts, it must be affirmed. So ordered. All the judges concur.