THOMAS H. MASTIN et al., Appellants, v. A. N. METZINGER, Respondent.

Kansas City Court of Appeals, May 11, 1903.

Landlord and Tenant: EXPIRATION OF TERM: NOTICE: NEGOTIATIONS: EVIDENCE. A tenant for a definite term is not entitled to notice to quit, but if he holds over by express or implied consent, it becomes evidence of a new contract and notice to quit is necessary; and the evidence relating to negotiations for a renewal of a lease is reviewed and held not to constitute consent to hold over.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

REVERSED AND REMANDED.

*T. A. Frank Jones* for appellants.

(1)   As the defendant held the premises in question under a lease from the complainants expiring July 1, and as upon July 2 (the date upon which the complainants allege the right of possession to be in them), by his own admission he remained in possession without having obtained the consent of the complainants or having any agreement with them in regard to it, he was guilty of unlawful detainer as of that date, and the complainants were entitled to an instruction to that effect. R. S., 1899, sec. 3321; Hoster v. Lange, 80 Mo. App. 234; Bank v. Hainline, 67 Mo. App. 483; Laummeier v. Steel, 77 Mo. App. 456.   (2)   There was no conflict of evidence as to the negotiations between complainants and defendant, after the expiration of the lease, concerning a new lease, and upon defendant's own testimony these negotiations were not such in law as to give defendant a new tenancy of any sort under the complainants, or to give him any legal consent to remain in the premises, and the complainants were entitled to an instruction to that effect.   Jefferson v. Ummelmann, 56 Mo. App. 440.

*Eugene Locher* for respondent.

(1)   These excerpts of the testimony set at rest the question whether or not respondent's holding over was willful.   Clearly it was not.   R. S. 1899, sec. 3321; Ish v. Chilton, 26 Mo. 256.   (2)   Where a tenant holds over after the expiration of his lease, he can not be guilty of unlawful detainer, if his landlord consented to the holding over.   Ish v. Chilton, 26 Mo. 256.   (3)   If he holds over for a single day only, with the landlord's consent, then his tenancy becomes one from month to month in cities, or in any event he is a tenant at sufferance, and such tenancies can be terminated only by one

month's notice. Ish v. Chilton, supra; Hammond v. Douglass, 50 Mo. 434; Haussler v. Paper Box Co., 49 Mo. App. 635; Tarlotting v. Bakern, 95 Mo. 541; Smith v. Smith Bros., 62 Mo. App. 596; Drey v. Doyle, 28 Mo. App. 249; Grant v. White, 42 Mo. 285; Finneys v. St. Louis, 39 Mo. 177; Quinette v. Carpenter, 35 Mo. 502; Appendix, 6 Mo. App. 583.

ELLISON, J.—This is an action for unlawful detainer in which the judgment in the trial court was for the defendant.

It appears that defendant leased of plaintiff, at $60 per month in advance, a building situated in Kansas City for the space of one year. Defendant alleged in his answer that the lease expired July 1, 1901; and so both parties understood. On that day, or the next, plaintiff's agent entered the premises intending to collect the rent for July when the defendant informed him that the lease had expired, and on the agent saying he did not know it, or think of it, defendant showed him by producing the instrument. Defendant demanded a reduction in the rent to $50 per month. The agent stated he would see the landlord. In a day or two he returned and told defendant that he could not reduce the rate but would have to increase it. He, however, offered to extend the old lease for two months, which defendant refused. He saw defendant shortly afterwards and informed him that he had leased to another party. Defendant did not pay any rent beyond the expiration of the lease and there was no agreement extending the letting. Defendant, however, testified that because the agent said he would see the landlord about the reduction he asked, he would be allowed to stay until the question was settled. Plaintiff asked a peremptory instruction, which the court refused. The question is, whether defendant held over with plaintiff's consent and was thereby entitled to notice to quit.

The law is that a tenant for a definite time is not

entitled to notice to quit.   But if he holds over by the express or implied consent of the landlord it is evidence of a new contract, and notice to quit, of a nature to suit the character of tenancy, is necessary.   In this case there was no evidence whatever that plaintiff consented to defendant's holding over.   There was no evidence of an implied consent; indeed, the implication is to the contrary.   It is true that the agent did not bodily eject him from the premises, nor did he, immediately on the expiration of the lease, institute an action against him; but there was at no time the slightest indication that he consented to a continuance of the tenancy.   It would be a strange condition of affairs if a landlord, in order to avoid implied consent to a continued tenancy under an expired lease, would be compelled to refuse to listen to a proposition of further lease and set about immediately to eject the tenant.   The authorities cited by defendant do not apply to the facts of this case.   But the law as herein stated, is laid down in Grant v. White, 42 Mo. 285.   The judgment should have been for plaintiff instead of defendant, and it will therefore be reversed and remanded.   All concur.