METZ, Appellant, v. SCHNEIDER et al., Respondents.

St. Louis Court of Appeals, October 16, 1906.

1. **HOMESTEAD: Abandonment of Wife by Husband: Alienation.** Where a husband bought a home for his wife and children intending the same for a homestead and afterwards abandoned them, he could not afterwards by his deed, in which his wife did not join, convey the property so as to enable the grantee to recover possession.

2. **UNLAWFUL DETAINER: Prior Possession.** One who has not been in possession of premises within three years cannot maintain an action of unlawful detainer for the recovery of possession thereof.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Morris Tucker* for appellant.

*Johnson, Houts, Marlatt & Hawes* for respondents.

(1)    Metz never had been in possession of this property and therefore could not maintain unlawful detainer.    Ford v. Fellows, 34 Mo. App. 630; McCartney v. Alderson, 45 Mo. 35; Long v. Noe, 49 Mo. App. 19; Stewart v. Miles, 80 Mo. App. 24.    (2)    Where a wife who has been abandoned, continues to reside with her children upon the homestead established while she and her husband were living together, such residence continues to be the homestead and homestead rights can still be asserted by the wife in and to such property.    Gladney v. Berkley, 75 Mo. App 98; Blandey v. Asher, 72 Mo. 27.    Metz's sole claim to a right of possession of the property in suit was founded upon the deed signed by John Schneider, the husband, alone.    This deed purporting to convey the homestead was absolutely void.    R. S. 1899, sec. 3616; Newton v. Newton, 162 Mo. 173; Hozelton v. Hozelton, 166 Mo. 182.

BLAND, P. J.—The action was unlawful detainer to recover the possession of certain described premises, situated in the city of St. Louis.    The suit was commenced before a justice of the peace and in due course appealed to the circuit court, where on a trial *de novo* to the court without a jury, judgment was rendered for the defendant.    At the request of the plaintiff the trial judge made a special finding of the facts.    His findings are as follows:

"Sometime in the year 1899, John Schneider bought the house, numbered 1942 Withnell avenue, being situated on lot No. 30 of Concordia place, and in city block 1531, fronting twenty-five feet on the south line of Withnell avenue, by a depth southwardly of 127 feet to an alley fifteen feet wide.

"At the time of such purchase by John Schneider, he was a married man, the husband of his co-defendant, Magdalena Schneider, by whom he had two minor children, both of whom are now living with their mother, the defendant, Magdalena Schneider, in the house known as 1942 Withnell avenue, being the property in controversy. John Schneider and his family continued to live in the house until John Schneider ceased to live with his family in the latter part of 1900, sometime during the month of December of that year.

"I further find that the property in controversy was bought by John Schneider for a home for his wife and minor children and himself, and that shortly after the purchase by him, his family moved into the house, and they have ever since continuously occupied the same, as their home, that a portion of said house (being the upper floor), has been rented from time to time to other tenants.

"I find that Magdalena Schneider and John Schneider were lawfully married sometime during the year 1886, in Germany, and that they continued to live together as lawful husband and wife from the date of that marriage, until about the 20th day of December, 1900, on or about which date John Schneider, without good cause abandoned his wife and refused and neglected to maintain and provide for her; that ever since her abandonment by her husband, as aforesaid, the defendant Magdalena Schneider has occupied the premises in controversy as her home, taking care of and supporting as best she could, her two children and the children of her said husband.

"I further find that on the day and date when John Schneider purchased said property that he intended to use the same as a homestead for himself and family, and that his wife and children have ever since said date used the same as such, and that they are now occupying the same as such.

"After the separation of the Schneiders, John Schneider, by warranty deed, conveyed the property in controversy to Edward C. Metz. This conveyance was made on the 14th of May, 1904. The title to the property was acquired by John Schneider from the executors of the last will of Frank H. Dauck, by deed dated March 27, 1899. The conveyance from John Schneider to Metz, the plaintiff herein, was made subject to the dower interest of Magdalena Schneider, wife of John Schneider.

"I further find that at the time of this conveyance to Metz, Metz knew that Mrs. Schneider and her children were occupying the premises in controversy as their home; he knew that John Schneider had deserted his wife and children; he knew that Mrs. Schneider had filed suit in the circuit court of the city of St. Louis against her husband, John Schneider, for maintenance, and he also knew that in the maintenance suit John Schneider had been ordered to pay $30 attorney's fees and $5 per week for temporary maintenance, during the pendency of the suit. In fact the deed from Schneider to Metz contains this provision: 'The party of the second part, also agrees to satisfy the judgment rendered in the circuit court number 7, of the city of St. Louis, State of Missouri, No. 30543'—which is the serial number of the suit of Mrs. Schneider against her husband for maintenance hereinabove referred to. This suit was filed on November 17, 1903, and the order for temporary maintenance in the cause was made on February 19, 1904. The deed, as hereinabove stated, from Schneider to Metz, is dated May 14, 1904, nearly three months after the judgment for temporary maintenance was entered in the maintenance suit.

"The consideration recited in the deed to Metz is $1,020. It is unnecessary for the court to make any finding as to the amount of its consideration, or as to the bona fides of the conveyance. The title to the property

is not in controversy, and I, therefore, make no finding as to those facts."

With respect to the evidence, suffice it to say, it supports the finding of facts as made by the learned trial judge. There is no pretense that plaintiff was ever in possession of the premises or that Mrs. Schneider at any time attorned to him as his tenant; on the contrary the evidence shows that she asserted her claim from the start to the premises as a homestead for herself and children, claiming that the premises were acquired by her husband for the purpose of furnishing a permanent home for herself and children. She was the real party defendant. Her husband was living separate and apart from her, having abandoned her without cause, and made no defense to the action.

In Gladney v. Berkley, 75 Mo. App. 98, we held that where the husband abandons his wife. without cause, she has the power under section 3620, R. S. 1899 (Act of 1895, p. 185) to protect her interest in the homestead against her husband's creditors, and that the husband, without her consent, is powerless to alienate the homestead so as to defeat this right. Under the statute, he has no authority to alienate the homestead without the consent of the wife. Where he abandons his wife she has the right to remain upon the homestead and to enjoy the rents and profits thereof without molestation from him or his grantee. It therefore follows that Mrs. Schneider was rightfully in possession of the premises. It is also the law that one who has never been in possession of premises cannot maintain an action of unlawful detainer for the recovery of the possession thereof. [School District v. Holmes, 53 Mo. App. 487; Long v. Noe, 49 Mo. App. 19; Ford v. Fellows, 34 Mo. App. 630.]

Plaintiff wholly failed to establish his cause and the judgment is affirmed. All concur.