STEVENSON v. HANCOCK, *Appellant.*

1.   **Instructions.**   If conflicting instructions be given, the judgment
must be reversed.

2.   **Landlord and Tenant:** PARTITION.   The purchaser of leased land
sold under a decree in partition, is entitled to the unpaid rents ac-
cruing from the day of sale.

3.   **Partition:** JUDGMENT.   The rights of a stranger purchasing at a
sale under a decree in partition, cannot be affected by recitals in the
decree as to the rights and liabilities of the parties thereto among
themselves.   Such recitals are, therefore, no evidence against him .

*Appeal from Saline Circuit Court.*—HON. WM. T. WOOD,
Judge.

REVERSED.

*Davis & Hays* for appellant.

NORTON, J.—This action was commenced before a jus-
tice of the peace for the specific recovery of fifty barrels
of corn, upon the trial of which in the circuit court, where
it had been taken by appeal, plaintiff obtained judgment,
from which defendant has appealed to this court.   It ap-
pears that the corn sued for was grown in 1876, on a tract
of land which had been rented by plaintiff to one Decker
for $150 from the 1st day of March, 1876, to the 1st day of
March, 1877, said rent payable at the end of the year; that
said land was owned by plaintiff in common with others;
that by virtue of a decree rendered in a partition suit in-

stituted by the owners, the land was sold for purposes of partition in October, 1876, and was purchased by defendant, to whom a deed was made by the sheriff. It also appears that after the said sale both plaintiff and defendant claimed the rent to be paid by said Decker, and that Decker told defendant that he and plaintiff could take the corn in controversy and do as they pleased with it, and that he would have nothing more to do with it, and that defendant took into his possession the corn. The plaintiff offered in evidence the following portion of the decree in partition, viz : " That the plaintiff, Stevenson, has been in possession of, and occupying and cultivating the whole of the tillable portion of said premises since the death of his father, Andrew H. Stevenson, and that during such time he has made improvements thereon, and has also received all the rents for same during that period, and after giving him credit for all his improvements and credit for his share of said rents, he is still due the other interests in the aggregate for rents the sum of $492.03." Plaintiff also introduced two witnesses who testified that it was their impression that in the said decree, rent for the land was charged to plaintiff up to March 1st, 1877. This evidence was objected to by defendant on the ground that defendant was not a party to the proceeding, and on the ground that parol evidence was not admissible to explain or alter the decree.

On the above state of facts the court gave the following instruction, over defendant's objection : " The court declares the law to be that if the evidence shows that the plaintiff was, with other persons, the plaintiffs and defendants in the partition suit of Stevenson and others against Stevenson and others, the owners of land on which the corn was grown, and that plaintiff had been in the possession of the said land since the death of his father, and that he was in possession at the time of the rendition of the decree of partition in said suit of Stevenson against Stevenson, and that said decree was rendered in June, 1876,

after the crop was planted, and that by said decree he was charged with the rent of the land up to March 1st, 1877, and that plaintiff rented said land to Decker for the year 1876, up to March, 1877, and that Decker raised the corn in controversy on said land in that year, and that Decker informed both plaintiff and defendant that they might take the corn grown thereon for rent and settle the matter of rent, or who was entitled to it for rent, between themselves, and that defendant afterward, without consent of plaintiff, took said corn, and that defendant, in October, 1876, purchased the land at a sheriff's sale made under the decree of Stevenson against Stevenson aforesaid, then defendant's purchase of the land did not carry any interest in the crop of Decker, and plaintiff was entitled to the rent of said land from Decker, and the finding must be for plaintiff."

The following instructions were given on behalf of defendant: 3. " This action does not lie at the suit of the plaintiff as landlord of the tenant Decker, to recover rent due from Decker. The fact that rent was due him would give plaintiff no right to possession of the crop."

5. " If the corn in question was given to the plaintiff and defendant jointly for rent claimed by them both, then the plaintiff cannot recover in this action."

It will be perceived that instruction number five, given for defendant, is in direct conflict with the instruction 1. INSTRUCTIONS.   given for plaintiff, and for this reason, if no other, the judgment must be reversed.

But aside from this, plaintiff's instruction is erroneous in this, that it declares on the facts assumed in the instruc-
2. LANDLORD AND tion that plaintiff was entitled to recover the
TENANT: parti-
tion.    entire rent of the land from Decker from 1st day of March, 1876, to the 1st day of March, 1877. The parties to the partition suit, of whom plaintiff was one, were the owners and vendors of the land which had been rented to Decker, and defendant, as the vendee or grantee, from the time of his purchase, was entitled to a propor-

tional part of the rent from Decker remaining unpaid. The plaintiffs in the petition suit from the time of the sale were entitled to the purchase money paid by defendant, and defendant was entitled to the beneficial use or profits of the land. After the sale the plaintiff ought not to be permitted to enjoy the use of the money paid for the land and the use of the land also. That defendant was entitled to a proportional part of the unpaid rent after his purchase is established by the following authorities: *Biddle v. Husman*, 23 Mo. 597; *Borrell v. Dewart*, 37 Pa. St. 134; *Crosby v. Loop*, 13 Ill. 625. The fact that the land was sold by the sheriff under a decree of sale asked for by plaintiff cannot affect defendant's right. Rent is incident to the reversion, and whenever that is severed either by the act of the parties or the act of the law, the rent will follow the reversion and be payable to the assignee thereof. Taylor Land. and Ten., § 383.

That part of the decree read in evidence, as well as the verbal evidence offered in explanation of it, was im-
3. PARTITION: judg-ment. properly received, for the reason that defendant not being a party to it, the rights acquired by him through his purchase could neither be affected by it nor taken away.

The judgment will be reversed, and as there was some evidence tending to show that plaintiff was the owner of the corn by purchase from Decker, the cause will be remanded so that it may be tried on that theory, as plaintiff can only recover in this proceeding by showing that he was the owner of it by reason of purchase when taken by defendant. All concur.