WINFREY v. WORK *et al., Appellants.*

1.  **Partition Sale:** PURCHASER'S RIGHT TO RENTS.  A purchaser at partition sale is entitled to possession of the land from the day of sale ; or if it be subject to a valid lease or a lease which he might but does not choose to avoid, he will be entitled to the rents from that day ; and if the owners have collected them in advance, and that was not known to him when he bought, he will be entitled to a rebate upon his bid to an equal amount.

2.  **Actual Occupation,** HOW FAR NOTICE.  Actual occupation by a tenant imparts notice of the tenancy and the term, but not of the fact that rent has been paid in advance.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Jno. L. Mirick* for appellants.

*Hale & Son* for respondent.

HENRY, J.—This is a suit on a note for $266.66, executed by defendants to plaintiff as sheriff of Carroll county. It was given for a part of the purchase money for a tract of land sold by said sheriff in partition proceedings in the probate court of said county.  The sale occurred on the 29th day of March, 1877, the date of the note.  The answer of defendants, on motion stricken out as not containing facts constituting a defense to the suit, alleged that while said partition proceedings were pending, the adult parties and the guardian of the minor parties to said suit leased said premises for the term of one year from March, 1877, for $150 cash, and received said money from the tenant, and that of this lease and receipt of the rent, defendants, when they purchased the land, were ignorant, and that said leasing and receipt of said rent money, were done by said parties to the partition suit for the purpose of defrauding any purchasers of the land at the partition sale, and

asked that said sum of $150 be allowed them against the note.

We are of the opinion that the court erred in striking out the answer. While there is no warranty of title by the sheriff, or other officer, who conducts such sales and executes deeds to the purchasers, yet the sheriff is but a trustee, and the parties to the partition sale beneficiaries, of the proceeds of the sale; and we see no reason why, if they receive rents to which they are not, and the purchasers are, entitled, the latter may not set this up to diminish the recovery by the amount so wrongfully received by the beneficiaries. No question of warranty of title is involved in the claim made by defendants The sale was made on the 29th day of March, 1877. The note was executed on that day, and from that date defendants were entitled to the possession of the land. *Stevenson v. Hancock*, 72 Mo. 612. If held by a tenant, under a valid lease, they are entitled to the rent from that date to the expiration of the lease. Here the tenant took his lease, *pen dente lite*, and might have been ousted by the purchasers after the 29th day of March. They chose, however, not to molest him, but they are none the less entitled to the amount he paid for rent.

The fact that the tenant was in possession when defendants purchased, imparted no notice to them, except of the relation in which the tenant stood, as such occupant, to the owner. It imparted notice that he was a tenant for a year, but not that he had or had not paid his rent. The beneficiaries of the note sued on, have received $150 to which defendants are entitled, and they should be allowed a deduction of that amount from what is due on the note. Judgment reversed and cause remanded.