JOHN ZEYSING *et al.*, Respondents, v. HENRY WELBOURN, Appellant.

Kansas City Court of Appeals, December 1, 1890.

Landlord and Tenant: TENANT'S PURCHASE. If the tenant purchase from the landlord, or at sheriff's sale, the tenancy is extinguished, and a purchaser at a partition sale is entitled to the rent accruing from the day of sale to the expiration of the tenancy; but such purchaser may, as in this case, agree that the rents shall be reserved to the heirs.

*Appeal from the LaFayette Circuit Court.*—Hon. Richard Field, Judge.

Affirmed.

*Graves & Aull,* for appellant.

(1)  The real estate having been purchased by the tenant during the rental year, the relationship of landlord and tenant ceased, the tenancy became thereby extinguished, and no action would lie for rent. *Silvey v. Sumner,* 61 Mo. 253; *Higgins v. Turner,* 61 Mo. 249; *Gunn v. Sinclair,* 52 Mo. 327. (2)  The partition suit had been instituted long prior to the time when this tract of land was rented to appellant. The sale of the real estate in the partition suit carried with it the title to the real estate from the time of the institution of the partition suit, and, consequently, the rent also. *Stevenson v. Hancock,* 72 Mo. 612, and cases cited; *Winfrey v. Work,* 75 Mo. 55. (3)  The judgment and order of the court, notice advertising the sale, report of sale and deed to appellant, all recite the terms of the sale. None of them reserve any rent to respondents.

*Shewalter & Wilson,* for respondents.

(1)  The sale in partition is a sale by act of the parties. And a notice as to rent, therefore, and a purchase after such notice constitutes a contract that is binding on the parties. As to the first point, see *Pentz v. Kuester,* 41 Mo. 447, and *Stewart v. Garvin,* 33 Mo. 103. As to second point, see *Bank v. Aull, Adm'r,* 80 Mo. 199, and *Meir v. Zelle,* 31 Mo. 331. (2)  The rule as to extinguishment of tenancy in case of purchase by tenant, relied on by appellant, is the rule of law as to title, the lesser title is merged in the greater. It has no application as to rent due, and in no case can apply where there is a different agreement, as there was in this case, as to rent. In this case, at the time of the

sale, the wheat grown on the land was harvested, all returns from the land for that year had been received. On what principle could the tenant refuse to pay rent, even in the absence of notice or agreement, except, possibly, for the unexpired time?

ELLISON, J.—Defendant leased of plaintiffs forty acres of land for one year for the sum of one hundred and thirty dollars. At the date of the lease, proceedings for partition had been instituted by the heirs (including plaintiffs) owning the land. A sale in partition was had in August, more than half the tenancy having then expired. Defendant, the tenant, became the purchaser at the sale. He now resists payment of the rent on the ground that his purchase extinguished the tenancy. There was evidence showing that notice was given at the partition sale, reserving the rent to the heirs owning the lands. The evidence tended to show that defendant heard this notice announced. Whether he did, or not, was submitted to the jury by instructions, and they have found a verdict for plaintiffs.

It is held by our supreme court that if the tenant purchases from the landlord, or at a sheriff's sale, the tenancy is thereby extinguished. *Higgins v. Turner*, 61 Mo. 249; *Gunn v. Sinclair*, 52 Mo. 327. Such sale, in a case like this, entitles the purchaser to the rent accruing from the day of the sale to the expiration of the tenancy. *Stevenson v. Hancock*, 72 Mo. 612; *Winfrey v. Work*, 75 Mo. 55. But, in this case, the jury have found what is tantamount to an agreement from defendant, the purchaser, that the rent for the year should be paid to the heirs. Bids at the sale were, of course, guided by this understanding. It was competent to have such agreement or understanding. *Aull Sav. Bank v. Aull*, 80 Mo. 199. An examination of the record satisfies us that the court was right in refusing instructions as to the land having been rented by plaintiffs as administrator.

The judgment is affirmed. All concur.