LUCY A. ALLEN, Appellant, v. HAYWOOD McDONALD, Respondent.

Kansas City Court of Appeals, November 18, 1895.

Rents: COPARCENERS: PARTITION: AGREEMENT: GUARDIANS. Pending a partition suit, the guardians of the coparceners divided the land among themselves for the purpose of renting it, and did so severally rent it. At the sale no notice of the leases or reservation of said rents was given. One of the guardians purchased. *Held*, that the purchaser could not collect rent from the tenants of the other guardian.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*J. W. Shotwell & Son* for appellant.

(1) The plaintiff being the purchaser of the twenty-seven acres, rented by the defendant, McDonald, and upon which he raised a crop of corn in the year 1893,

and there being no reservation whatever made at the sale, the plaintiff was entitled to all the rents and profits thereafter falling due. *Page v. Culver*, 55 Mo. App. 606; *Culverhouse, Adm'r, v. Worts*, 32 Mo. App. 419; *Hygen v. Burkemper*, 101 Mo. 644. (2) If the rent had been due and unpaid, at the time of the purchase, on the eleventh day of October, 1893, in that event plaintiff would have been entitled to all rent accruing after her purchase. *Stephens v. Hancock*, 72 Mo. 612, and authorities cited. *Winfrey v. Word*, 75 Mo. 55. The agreement to divide the real estate for rental purposes, during the pendency of the partition suit, can not affect the rights of plaintiff as purchaser of the real estate at the partition sale. In that agreement she acted solely as guardian for her children, having no interest in the real estate. In purchasing she acted for herself and not for her children.

*C. T. Garner & Son* and *Lavelock, Kirkpatrick & Divelbiss* for respondent.

(1) It was competent for the parties to the partition suit to divide and rent the land sought to be partitioned, and to agree that each party should receive the rent from that part assigned to each. *Zeysing v. Welbourn*, 42 Mo. App. 352; *Bank v. Aull*, 80 Mo. 199. (2) Plaintiff, the purchaser at the partition sale, was a party to the agreement for division and renting, had full knowledge of all the facts, and was bound by all the terms and conditions of such division and renting. *Zeysing v. Welbourn*, 24 Mo. App. 352. (3) It was the manifest intention and understanding of the parties, plaintiff and Robinson, that the rent from the part assigned to each should be received in full by each regardless of the result of the partition suit. The circumstances under which the contract was made, and the

acts of the parties, are entitled to great weight, in determining the intention of the parties. Clark on Contracts, ch. 10, p. 590; *Dobbins v. Edmonds*, 18 Mo. App. 307; *Bent v. Alexander*, 15 Mo. App. 181; *Brewing Co. v. Waterworks Co.*, 34 Mo. App. 49. (4) The rent was due and payable in the fall after the maturity of the crop, and on the eleventh day of October, 1893, the crop being matured, the whole of the rent on the land leased to McDonald was due and payable to Robinson, even if plaintiff had no knowledge of the agreement. If there had been no agreement in regard to dividing and renting the land contained in the suit for partition, plaintiff would only have been entitled to the rent accruing from the day of sale. *Stephens v. Hancock*, 72 Mo. 612; *Winfrey v. Ward*, 75 Mo. 55. Courts will take judicial notice that certain crops mature at certain seasons. Bliss on Code Pleading [2 Ed.], sec. 188; *Garth v. Caldwell*, 72 Mo. 622.

SMITH, P. J.—This is an action commenced before a justice of the peace, by attachment for rent, under the landlord and tenant statute. The case may be shortly stated in this wise:

B. F. Allen died seized and possessed of certain lands, leaving surviving him his widow, the plaintiff, and five children, for two of whom plaintiff was guardian. Joseph Robinson, who had married one of them was guardian of another and the agent of still another, the last being of age. A partition suit was instituted and such proceedings were therein had that the land was sold by the sheriff, under an order of sale in partition, at which sale the plaintiff became the purchaser thereof, receiving a sheriff's deed. The sale took place on October 11, 1893.

The defendant had rented a piece of land of the said Joseph Robinson in the previous April, and at the

time of the sale there was a crop of corn standing on the land so rented by defendant. The plaintiff claimed the rent then or thereafter to become due by defendant. Defendant, shortly after plaintiff's purchase, began to gather and remove the corn from the rented land, when plaintiff, after making demand for the rent, brought this action. The cause was tried by the court. There were no instructions asked or given. The court, after hearing the evidence, made a special finding to the effect that "the plaintiff, as guardian for her two children, and Robinson, for and in behalf of his wife and as guardian for two of the minors, agreed to divide the lands according to the interests of the parties, in order that the same might be rented during the partition proceedings. It was divided into two parts, plaintiff taking two fifths and renting the same, and Robinson taking three fifths and renting the same to defendant, McDonald. The plaintiff, as the purchaser at the partition sale, had full notice of the agreement, having been a party to the same."

This finding we are asked to review. By an examination of the evidence, we are convinced that it is supported by the great preponderance of the evidence. But, granting this to be so, did it warrant the judgment?

The plaintiff contends that by reason of the purchase she became entitled to the rent for that crop year then unpaid, since there was no reservation of such rent made at the time of the sale. The defendant's answer to this is that plaintiff is precluded from making claim to the rent by reason of the agreement found by the court to have been made. That since she had notice of the agreement when she purchased, she is, under such circumstances, in the same situation she would have been, had there been notice given at the sale that

the rent was reserved. She was a party to the agreement and knew of the disposition that had been made of the rent under the provisions of the agreement. Had she been a stranger purchasing without notice, she would, perhaps, not have been affected by the agreement. It was competent for the parties *pendente lite* to the partition suit to divide and rent the land sought to be partitioned, and to agree among themselves that each party should receive the rent from that part so assigned to him. *Zeysing v. Welbourn*, 42 Mo. App. 352; *Bank v. Aull*, 80 Mo. 199.

According to the ruling in the first of the above cited cases, which is similar to this, plaintiff is bound by the division and renting of the land. This case is to be distinguished from *Page v. Culver*, 55 Mo. App. 606, and *Culverhouse v. Worts*, 32 Mo. App. 419. In the first of these there was no such agreement respecting the rent as here, and in the second, the sale of the land was under a deed of trust where no such agreement was pretended.

Our decision in this case is made to turn on the effect to be given to the agreement which, we think, concludes plaintiff. The judgment must be affirmed. All concur.