By the Court:
The parol evidence submitted upon the trial is not before us and we must presume that the circuit court correctly held that it afforded no support to the verdict. It follows that the circuit court rightly held that since all material facts were agreed upon, and nothing remained to be done but to apply the law to those facts, such final judgments as those facts required should be rendered by it. The general doctrine relating to the effect of the confirmation of a judicial sale is that it relates .back to the day of sale and passes a title as of that day. The deed executed pursuant to the order of confirmation by relation takes effect as of the day of sale. This is the established doctrine in Ohio. Lessee of Boyd v. Longworth, 11 Ohio, 236; Oviatt v. Brown, 14 Ohio, 286. It was not applied in Black v. George, 26 Ohio St., 629, because by the terms of the sale there considered the purchaser’s right to possession was deferred until the expiration of a current lease. The equity of the rule is manifest because the purchaser cannot escape from the sale because he may think it *546 disadvantageous to him, and he is required to pay interest from the day of sale on so much of the purchase price as he has not actually paid. That the right to the intermediate rents passes to the purchaser as one of the results of confirmation has been held in numerous cases. Winfrey v. Work et al., 75 Mo., 55; Stevenson v. Hancock, 72 Mo., 612; Taylor v. Cooper, 10 Leigh, 317; Wagner et al. v. Cohen, 6 Gill, 97; Lathrop v. Nelson, 4 Dillon, 194.

Judgments of the circuit court reversed and those of the common pleas affirmed.