JONATHAN BONNELL, Appellant, v. R. W. PACK, Trustee, etc., Respondent.

**Kansas City Court of Appeals, April 3, 1899.**

1. **Partition:** RIGHT TO RENTS AFTER SALE. The purchaser under a partition sale of lands which are rented becomes entitled to the rents accruing after such sale.

2. **Estoppel:** RES ACTA INTER ALIOS. Proceedings in a court can have no binding effect upon any one save the parties to the action.

3. **Rents:** SUPPORT OF DAUGHTER: CONSTRUCTION OF WILL. A provision in a will relating to the support of a daughter is construed and held that the daughter's right to support ceased upon the death of the mother and that neither she nor her trustee could be entitled to any rents accruing after such time save as an heir, much less to rents accruing after sale and partition.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED (with directions).

JAS. H. HULL and JAS. W. COBURN for appellant.

(1)    A purchaser at partition sale is entitled to possession of the land from the day of sale; or if it be subject to a valid lease, or a lease which he might but does not choose to avoid, he will be entitled to the rents from that date; and if the owners have collected them in advance, and that was not known to him when he bought, he will be entitled to a rebate upon his bid to an equal amount. Winfrey v. Work, 75 Mo. 55; Stevenson v. Hancock, 72 Mo. 612; Zeysing v. Welbourn, 42 Mo. App. 352; Smith v. Aude, 46 Mo. App. 634; Gunn v. Sinclair, 52 Mo. 327; May v. Luckett, 54 Mo. 437; Clampitt v. Kelley, 62 Mo. 571; Lindenbower v. Bentley, 86 Mo. 515; Higgins v. Turner, 61 Mo. 249;

Barclay v. Pickles, 38 Mo. 143; Pentz v. Kuester, 41 Mo. 447; Bradford v. Tilly, 65 Mo. App. 184. (2) In no event could the court, 'in the trusteeship matter, order the future rent to be paid to the trustee. Mrs. Robertson died before March 1, 1897, and Pack, trustee, had no right to rent the land for the year beginning March 1, 1897, as the land then belonged to the heirs, together with the rent. (3) The court construed the will of P. P. Robertson to give Ella Robertson a support up to the date of the sale. This was a palpable error. But even conceding it to have been correct, the rent now in controversy is that accruing after the sale. (4) Pack's alleged claim accrued in 1896.

NORTON B. ANDERSON for respondent.

(1) The decree of the circuit court of Platte county, rendered in 1892 stood unappealed from and uncontested, and is sought now to be collaterally assailed or evaded in order to defeat a beneficent provision made by P. P. Robertson for his deaf daughter, his youngest child. (2) The answer of Ella E. Robertson, a party defendant in the partition proceedings, avers that under her father's will her allowance, to the payment of which the real estate was subject, did not terminate with her mother's death, but would continue until the land was sold. Coots, appearing for the plaintiff, feebly contested that construction, but the chancellor instructed that the allowance continued until the land was sold. (3) Pack, trustee, though in possession of the land, was not made a party to the partition suit, and his rights as an officer of the court and his *cestui que trusts* rights as a ward of the court, are sought to be contravened, because Coots, in direct derogation of the advice of the chancellor, in the absence of both the trustee and his *cestui que trust,* made the unauthorized announcement at the sale that the purchaser would get the rents. (4) There is no

equity in the claim of appellant. There is no evidence in this case to show that he was not cognizant of the status of the possession of this land, which as a man of ordinary prudence he should have known. He could not have been misled by Coots' unauthorized announcement, because Coots was not the officer making the sale, and his announcement was in derogation of the instruction of the chancellor, and cursory inquiry would have shown such announcement incorrect.

ELLISON, J.—P. P. Robertson, at his death in 1887, owned a tract of land in Platte county. He left a number of heirs besides his widow. He made the following provisions by will:

"Second:—I will and bequeath to my wife, Lydia G. Robertson, all my real and personal property of every kind and character, and wheresoever situated, to use and enjoy during her natural life, or widowhood, subject to the support of my daughter Ella E. Robertson, so long . as my said daughter remains single and unmarried. And I will that my wife may sell and dispose of any of the property bequeathed to her, in case it may be necessary for her to do so for the support of herself or my said daughter.

STATEMENT.

"Third:—At the death or remarriage of my said wife, I desire that all my estate remaining undisposed of by my wife, be sold, and out of the proceeds, I desire that my daughter, Ella E. Robertson, be paid the sum of three hundred dollars, provided she is then single and unmarried.

"Fourth:—The remainder of my estate, I desire shall be equally divided between my children." (Naming them and including Ella.)

Defendant Pack was appointed . guardian for the widow and was also appointed trustee for Ella E. Robertson. The widow died in January, 1897. Pack rented

the land year by year, the last renting being for the year beginning March 1, 1897, to March 1, 1898, at the sum of $700, represented by two notes of $350 each, one of which was paid to him, the other being here in controversy. After the death of the widow, a partition suit was instituted, the heirs, including Ella, being made parties. Judgment of partition was rendered, the land ordered sold and was sold in August, 1897, the plaintiff becoming the purchaser. Plaintiff exhibited his deed to the tenant and demanded that the remaining rent note should be paid to him. The tenant refused on the ground that he understood the defendant Pack claimed that it should be paid to him. Plaintiff then instituted this action against the tenant and Pack. The tenant paid the money into court and was discharged. The trial court allowed the greater part of the note to Pack in his trusteeship and plaintiff has appealed.

The law is that the purchaser at partition sale of lands which are rented becomes entitled to the rents accruing after such sale. Winfrey v. Work, 75 Mo. 75; Stevenson v. Hancock, 72 Mo. 612; Zeysing v. Welbourn, 42 Mo. App. 352; Smith v. Ande, 46 Mo. App. 634. The judgment in this cause was, therefore, wrong unless it can be supported by the considerations which have been suggested by defendant, viz.: After the partition sale defendant made settlement of his trusteeship with the circuit court, which found that there was due defendant as trustee $228, as unpaid balance of the annual allowance made for support of Ella E. Robertson; that the court ordered him to pay over to said Ella said unpaid balance out of any money in his hands, or out of any rent notes; that $50 was allowed by the court as compensation for defendant's services as trustee.

Defendant supports this disposition of his settlement by showing that in an action in the circuit court wherein

PARTITION: right to rents after sale.

Ella E. Robertson was plaintiff and Lydia G. Robertson and C. Thorp were defendants, it was found by the court that the widow, Lydia, had become insane and was under the guardianship of Thorp; that the will of P. P. Robertson provided for the support of said Lydia during her life and of said Ella as long as she was single and unmarried; that Lydia was unable to carry out the will and this defendant Pack was thereupon appointed trustee to take charge of the lands in question and apply the income to the support of said Lydia and Ella.

ESTOPPEL: res acta inter alios.

This action taken by the circuit court could have no binding effect upon any one save the parties to the action, which were Ella and Thorp, her mother's guardian.

The construction of the will as it appears from the judgment in that case was that Ella was to be supported by the income of the property as long as she remained unmarried. The will does not however bear such construction. The support of Ella out of the estate was clearly intended to cease at her mother's death. For on the happening of that contingency, the estate, undisposed of, was directed to be sold and $300 of the proceeds given to Ella, if she was still unmarried. And the remainder was to be divided between the heirs, _including Ella_. So therefore the mother having died in January, 1897, Ella's support should have ceased then, or at least, so soon as the provisions of the will directing a sale and division could be carried out. Ella herself, who is _sui juris_, and the defendant Pack seem to have so regarded the will. For she, as a party to the partition suit, acquiesced in the sale of the lands; and he made the settlement above mentioned in which he claimed there was due for Ella's support up to the partition sale the sum of $178. In the

RENTS: support of daughter: construction of will.

judgment itself it -is stated to be $228, but this will not affect the matter for decision.

So the case, as thus disclosed, makes it necessary to decide whether it was within the rightful authority of the circuit court to appropriate to Ella's support the income of the estate accruing after her right to support had ceased. We think clearly this could not be done. The rent which was due for that portion of the time of the tenancy running after the sale in partition, being an income of the estate after Ella's right to support, under the will, had ceased, it naturally follows that neither she nor her trustee are entitled to it. So that even if this plaintiff was not entitled to such sum as purchaser, it would yet not belong to Ella except the right to share in it with the other heirs. So neither is defendant Pack entitled to any portion of the proceeds of the note as compensation for his trusteeship. Such proceeds being for rents accruing after the trusteeship had ceased, do not belong to a fund on which he has any right or claim.

We will reverse the judgment and remand the cause with directions to enter judgment for plaintiff for the money paid in by the tenant. All concur.