## Case No. 12,532.

### SCOTT et al. v. HAWSMAN.

[2 McLean, 180.] [1]

Circuit Court, D. Ohio. July Term, 1840.]

LANDLORD AND TENANT — LEASE — NEW AGREE-MENT—USE AND OCCUPATION—HOLDING OVER.

1. A lease, under seal, may be put an end to by a new and substantial agreement, between the parties, for the same premises; which has been sanctioned by a court of chancery, and performed by the party, who alledges the abrogation of the lease.

2. A parol lease, under which no act has been done by the lessee, who has constantly repudiated it, but who has enjoyed the premises the term named in the lease, may be treated by the lessor as a subsisting lease, and he may seek his remedy under it; or he may bring his action and recover the rent on a count for use and occupation.

[Cited in Sherman v. Champlain Transp. Co., 31 Vt. 173.]

3. The defendant having disclaimed the lease, and refused to perform its conditions, cannot defeat the action for use and occupation, by showing that under the lease, the amount of the second year's rent was to be fixed by a third person, which had not been done.

4. The tenant, under such circumstances, may be considered as holding over.

5. Having refused to abide by the lease he cannot complain of being treated as a tenant bound, after the enjoyment of the premises, to pay a reasonable rent.

[This was an action by Joseph Scott and M. T. Scott against William Hawsman. Heard on motion for a new trial.]

Mr. Leonard, for plaintiffs.
Mr. Swan, for defendant.

OPINION OF THE COURT. This action was brought for use and occupation, and it was agreed by the counsel that no objection should be made to the declaration for want of a special count. From the facts proved, it appeared that in March, 1832, Joseph Scott and Matthew T. Scott, the plaintiffs, owning a stock farm in Ohio, Joseph Scott and William Hawsman, the defendant, entered into a contract, under seal, with Matthew T. Scott to rent the farm for five years, and to pay him one hundred and eighty dollars per annum. Certain improvements were to be made on the farm, on conditions specified in the lease. The parties, also, entered into an agreement in regard to the stock which should be purchased for the farm, &c. Afterwards, the 28th January, 1835, a final set-

1 [Reported by Hon. John McLean, Circuit Justice.]

tlement took place respecting the partnership transaction, in which certain sums of money were to be paid, and were in fact paid by Joseph Scott to Hawsman, and certain things were to be done by the latter. By this settlement and agreement, Hawsman was to remain in possession of the farm for the years 1835 and 1836; the rent for the first year was to be paid for by improvements on the farm, and the amount of the second year's rent was to be fixed by Judge Hawsman. A memorandum of this agreement was made, but it has been lost. Among other arrangements the defendant signed the following paper: "On settlement of accounts this day, I am to deliver to Joseph Scott the wagon and the yoke of cattle on hand, and five hundred and eighty five dollars worth of stock cattle on demand. January 28th, 1835." Signed, "William Hawsman." A short time after this settlement, Hawsman filed a bill against Joseph Scott and M. T. Scott to set aside the settlement, &c., which was answered by Joseph Scott; and on the final hearing the court refused to set aside the agreement but affirmed it, and in their decree they "dismissed the bill as to all matters as to which the decree is not rendered, and especially to the rents and profits of the place and farm mentioned in the bill subsequent to the settlement of the partnership, and not included therein made at the time in the bill specified." It was proved that the defendant refused to deliver the cattle as he had agreed to do and repudiated the settlement, and the new lease which was connected with it. This was done more than once, though he remained in possession of the farm for two years, for the rent of which this action was brought. The court instructed the jury that the action was not founded on the original lease between the defendant, Joseph Scott and Matthew T. Scott, and that under the agreement of the parties and the decree of the court, it could not be considered as a subsisting lease, and that if the jury believed the evidence the plaintiffs were entitled to recover. And the jury found a verdict for the plaintiff.

A motion for a new trial was made on two grounds: First, because the court erred in deciding that the original lease was rescinded; and, second, because they erred in their instruction to the jury that the plaintiff was entitled to recover, for the second years rent, before Judge Hawsman had fixed the amount.

During the existence of the lease, under seal, sums of money were advanced by Matthew T. Scott, to Hawsman, to buy stock for the farm. Their partnership extended beyond the terms of the written lease, to the stock thus purchased; and it appears when the settlement took place, in January, 1835, it included not only the partnership in the stock then on the farm, but the written lease. It was clearly intended to be a final settle-

ment of all matters, and, of course, it embraced, up to that time, all matters of contract, and of account. This appears from the terms of the settlement. Certain outstanding obligations were to be delivered up, and certain sums paid by the respective parties; and Hawsman gave the note for five hundred and eighty five dollars, payable in stock cattle, as above stated; and in the same writing he agreed to deliver to Joseph Scott a wagon and yoke of cattle, then on hand, &c. And it was agreed that Hawsman should continue on the farm for two years; the first year's rent to be paid for by improvements and repairs on the farm, and for the second year he agreed to pay an amount of rent that Judge Hawsman, the brother of the defendant, should determine. Now this arrangement closed all former dealings between the parties, and is wholly inconsistent with the subsistence of the prior written lease. A judgment having been obtained by Joseph Scott on the above instrument, given to him by the defendant, the defendant filed a bill against Joseph and M. T. Scott to set aside the settlement on the ground of fraud, &c., and obtained an injunction. Joseph Scott answered the bill, and on the final hearing, among other matters it was decreed, that an order for four hundred and fifty dollars, drawn by William Hawsman on Joseph Scott, 11th April, 1834, also a note for two thousand dollars, signed by William Hawsman, Joseph Scott, Isaac Hawsman, Jacob Hawsman and David Reeves, dated 26th April, 1832, payable to Matthew T. Scott, shall be delivered up to the clerk to be canceled; that the injunction should be dissolved at the costs of the complainant; and the bill was dismissed "as to all matters as to which the decree is not rendered, and especially to the rents and profits of the place and farm mentioned in the bill subsequent to the settlement of the partnership, and not included therein." This decree was made the 25th December, 1837. The language of this decree is very explicit, and shows that, from the time of the settlement, rents were to accrue from the defendant, and that all matters, up to the time of the settlement, were closed by it. Now the rents, under the written lease, were to be paid by Joseph Scott and the defendant to Matthew T. Scott. The terms of the settlement, with the exception of the delivery of the order and note, named in the decree, were complied with by the Scotts; and by their decree the court sanction the settlement. It was a material part of that settlement that the written lease should be annulled, and a new lease beween Joseph and Matthew T. Scott and the defendant was agreed to. Under these circumstances the court consider the old lease as abrogated and not as subsisting, and that it cannot be used to defeat the action of the plaintiffs.

The counsel for the defendant contends that Matthew T. Scott was a party to the written lease, and does not appear to have been a party to the settlement or the second lease; and that it does not appear that Joseph Scott was authorized to act for his brother in these matters. That on this ground the settlement ought not to be binding on Matthew T. Scott. That, however this may be in regard to the stock on the farm, it cannot be held to have rescinded the lease, under seal, which can only be rescinded by an instrument of equal dignity, if it be not in fact canceled. The evidence does not show that this lease was delivered up to be canceled. It is not produced on this trial, and whether the writing has been destroyed or not does not appear. It is only adverted to by defendant's counsel to show that the plaintiff's remedy is on the deed and not on the parol agreement. For this purpose, as before remarked, we think this lease cannot be used. The plaintiffs do not rely on a parol cancelment. But they rely upon a final settlement, which annulled the lease, a performance of the conditions on their part, and the express sanction of the settlement by a court of chancery. This is not then an alteration of a writing, under seal by parol, nor an attempt to set up a parol release of the same. But if the written lease were subsisting, we should be equally clear that this action could be maintained. Where a contract, under seal, has afterwards been varied in the terms of it by a distinct simple contract, made upon a sufficient consideration, such substituted or new agreement must be the subject of an action of assumpsit, and not of an action of covenant; and where several things, unconnected with a deed, are, with other stipulations in a deed, afterwards made the subject of a parol contract, assumpsit may be sustained for the breach of it. 1 Chit. Pl. 119; 1 East. 630; 3 Term R. 593; 4 Taunt. 748; 2 Caines. 296; [Baits v. Peters] 9 Wheat. [22 U. S.] 556. A parol enlargement of the time set, in a sealed instrument, for the performance of covenants, is good; but where there is such enlargement of a condition precedent, the plaintiff loses his remedy upon the covenant itself, and must seek it upon the agreement enlarging the time of performance. 2 Wend. 587; 6 Halst. [11 N. J. Law] 327. If, in respect of a new consideration, there has been a new simple contract to pay a debt, or perform a contract, under seal, assumpsit may be supported. 12 East. 578; 7 Cow. 39; 2 Rawle, 350.

From these authorities it is clear that the plaintiffs may recover under the new lease, even if the one under seal were subsisting; but we think, under the settlement and the proceedings which followed it, that the old lease is annulled, and that the parol lease was substituted in its place. The objection of want of power in Joseph Scott to bind his brother, we think is entitled to but little consideration. Joseph and Matthew are broth-

ers, and own the farm in partnership. Joseph was the active partner, and there is evidence, positive and presumptive, which shows an acquiescence and sanction by Matthew T. Scott in the acts of his brother, in regard to the settlement and the proceedings which followed. Both of the plaintiffs are citizens of Kentucky, and one of the reasons assigned for putting an end to the first lease, was a wish, on the part of Joseph Scott, to remove to Kentucky. We think the verdict ought not to be set aside and a new trial granted, on the ground that Judge Hawsman did not fix the amount of rent for the second year, under the parol lease. The verdict is fully sustained by the equity of the case, and, under such circumstances, a court will not readily set aside the verdict on a technical objection.

The principle is admitted, that where the defendant's contract was executory, or his performance was to depend on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfilment of such condition precedent, whether it were in the affirmative or negative, or to be performed or observed by him or by the defendant, or by any other person, or must show some excuse for the nonperformance. 7 Coke, 10a; Com. Dig. "Pleader," 6, 51, 52; Doug. 686; 1 Term R. 638; 3 Johns. 146; 13 Johns. 94, 53, 57; 10 Johns. 359. But in the case under consideration the defendant, shortly after the new contract or lease was made, repudiated it and utterly refused to be governed by it. Having been in possession under the prior lease, he did not enter under the new one, and he seems to have done no single act under it. He still retained possession of the farm for two years, disclaiming the new lease, and claiming to hold under the lease which had been put an end to. In addition to the positive proof on the trial of the declarations and acts of the defendant, to this effect, proof of his intention is shown by the bill he filed to open up the settlement. Failing in this, he now endeavors to defeat the present action, not only by relying on the lease, under seal, but on the ground that the proof does not show the second year's rent has been fixed by the person named in the contract for this purpose; and this, it is insisted, is a condition precedent to the payment of the rent. The force of this objection could not be resisted if the defendant had, by his declarations and acts, entitled himself to the benefits of the new lease. He disclaimed it, refused to make the improvements or do any act under it, and avowed a holding under the abrogated lease. Shall the defendant, under these circumstances, having occupied the farm two years, avoid the payment of a reasonable rent under a count for use and occupation? He cannot be considered in the light of a trespasser, as his entry was not tortious; but rather in the light of holding over after the expiration of his term. But, in this case, the prior lease

cannot regulate the rent, as that gave him possession only of a part of the farm, and that, under circumstances, which looked chiefly to the rearing of stock as profit; when, for the two years specified, he has enjoyed the entire farm. The new lease was by parol, and the parties had a right to rescind it by parol; and, we think, that from the facts proved the plaintiffs had the right to consider the lease as rescinded, and they have so treated it by bringing this action. The contract being proved, they undoubtedly had a right to treat it as a subsisting lease and seek their remedy under it; but the declarations and the acts of the defendant gave them the right to annul it, and consider him as a tenant at sufferance, or as holding over. They took no steps to dispossess him until the expiration of the two years, and we think, under the circumstances, that the general action, for use and occupation, will lie against him; and that the plaintiffs were not bound to treat the parol lease as subsisting and refer to Judge Hawsman the amount to be paid for the second year's rent

The motion for a new trial is overruled, and judgment, &c.