T. J. WILKINSON, Respondent, v. ROBERT WILKINSON, Appellant.

Kansas City Court of Appeals, May 6, 1895.

**Landlord and Tenant:** USE AND OCCUPATION: ACTION. A definite agreement to pay rent is not essential to create the relation of landlord and tenant; and an action for use and occupation will lie where the defendant, with plaintiff's consent, enters upon the land and uses it for his own profit, as that is a complete promise to pay a reasonable compensation.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*James A. Kemper* and *John Welborn* for appellant.

An action for use or occupation can not be maintained, unless the relation of landlord and tenant exists. Instruction number 1 asked at the close of the evidence for plaintiff, and again asked at the close of the case for both sides, should have been given. *Suits v. Tailor*, 20 Mo. App. 166; *Green v. Sternberg*, 15 Mo. App. 32; *Cohen v. Kyler*, 27 Mo. 122; *Edmunson v. Kite*, 43 Mo. 176; *Hunton v. Powers*, 38 Mo. 354; *Ice Co. v. Potter*, 123 Mass. 28; Keener on Quasi Contracts,

p. 360; *Watkins, Administratrix, v. Trustees of Rich-mond College*, 41 Mo. 303 (side page); *Whiting v. Sullivan*, 7 Mass. 107.

*Wallace & Chiles* and *N. M. Houx* for respondent.

(1)    Respondent is entitled to recover for the use and occupation of the land in controversy for the year 1891, as assignee or alienee of James S. Wilkinson, the owner of the land rented by him to appellant, under section 6387, Revised Statutes, 1889, volume 2, page 1506, which said right passed to the respondent under the warranty deed offered by him in evidence. *Eiseley v. Spooner*, 23 Neb. 470, and cases cited. (2)    Respondent was entitled, under the evidence, to the instruction based upon an implied contract of renting. An action for use and occupation may be maintained, where the relation of landlord and tenant exists under an implied contract. (See authorities cited by appellant.) See also upon this point: *Gunn v. Scovil*, 4 Am. Dec. 208; *Fppes v. Cole*, 4 Am. Dec. 512; *Sutton v. Mandeville*, 4 Am. Dec. 549; *Jackson v. Davis*, 15 Am. Dec. 451. Also see lengthy note to this case, with reference to recent decisions, on page 460.

GILL, J.—This is a suit for the use and occupation of forty acres of farm land. Plaintiff had judgment in the circuit court for $80, and defendant appealed.

The parties litigant are brothers—sons of James S. Wilkinson, who, until the spring of 1891, owned two hundred acres of land near Chapel Hill, Missouri. For several years prior to 1891, Wilkinson, Sr. (a man past ninety years of age), lived on this land with his son, Robert, the defendant, who, for the use thereof, kept or boarded the old gentleman. In April, 1891, Wilkinson, Sr., divided the land among his four chil-

dren, giving each a forty, except the defendant, to whom he deeded an eighty. The parties recognized the partition and each assumed possession and control of his or her respective portions.

While there is some apparent conflict, the evidence clearly enough shows that defendant Robert continued to use and cultivate, for the year 1891, the forty acres belonging to plaintiff. Plaintiff tried to get defendant to agree on some terms of leasing the forty, but no definite understanding was arrived at; the defendant, however, all the time admitted plaintiff's ownership and right of possession. At the conclusion of the rental season, plaintiff demanded compensation for the use of his land, but defendant refused to pay, assigning as the only reason therefor, that he (defendant) had settled the rent with the father.

On the facts as found by the jury, there is no merit in this defense. To defeat the plaintiff, the rule is invoked that the action for use and occupation will not lie, unless the contractual relation of landlord and tenant is shown; and it is claimed that no such relation existed in this controversy, because of the fact that defendant failed to agree, in express terms, with plaintiff for the payment of rent.

To create the relation of landlord and tenant, it is not essential that there should be a specific and definite agreement to pay rent. The obligation to pay rent may be implied from the circumstances of the case; as, for example, that the defendant, with plaintiff's consent, entered upon the land and used the same for his (the tenant's) own profit. There arises in such case an implied promise to pay a reasonable compensation for the use and occupation of the land. 2 Taylor, Landlord and Tenant [8 Ed.], secs. 636 and 655. "Nor is an actual or personal occupation by the defendant required to support this action; it is enough that he

had the right to occupy—and the constructive possession of an under-tenant or servant is sufficient for the purpose." 2 Taylor, Landlord and Tenant, 643. See, also, *Scott v. Hawson*, 2 McLean, 180.

The instructions were entirely fair to the defendant; and, since the judgment appears clearly for the right party, it will bo affirmed. All concur.