ELIZABETH GILLESPIE, Respondent, v. LEWIS HENDREN, Appellant.

*7 3 S. W. 3 6 1*

Kansas City Court of Appeals, April 6, 1903.

1. **Landlord and Tenant:** AGREEMENT TO PAY RENT: EVIDENCE: INSTRUCTION. On the evidence in this case instructions submitting to the jury the question whether defendant agreed to pay plaintiff rent were improper, since there was no evidence to support them.

2. **Fences and Inclosures:** COMMON INCLOSURE: COMMON LAW: TRESPASSING STOCK. The common law in relation to adjoining proprietors without a partition fence is in force in Missouri, and under it each party must fence his own stock or pay the damages it may do to the other proprietor.

3. **Landlord and Tenant:** TRESPASS: WAIVER: EVIDENCE. Plaintiff has a common-law right to waive a trespass of stock upon her premises and sue on an implied contract to pay rent, and, besides, the evidence shows a relation of landlord and tenant.

4. **Appellate Practice**: TRIAL ON FALSE THEORY: JUDGMENT FOR THE RIGHT PARTY. Though a case be tried upon a false theory, but the judgment be for the right party, the appellate court can not reverse.

Appeal from Harrison Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*J. M. Sallee* and *C. H. S. Goodman* for appellant.

(1) We insist that each instruction given for the respondent is erroneous; first, because they do not correctly declare the law; second, because there is no evidence upon which to base them. Lemon v. Lloyd, 46 Mo. App. 450; Boughton v. Railroad, 25 Mo. App. 10; Goff v. Mulholland, 28 Mo. 397. (2) In this State the owner of land is not bound to keep his domestic animals upon his premises, or to fence them in, but they are allowed what is called "free range," and he does not become a trespasser from the fact that they stray upon the unfenced lands of another proprietor. Gorman v. Railroad, 26 Mo. 441; Davis v. Railroad, 19 Mo. App. 425; Howenstein v. Railroad, 55 Mo. 33; Bushby v. Railroad, 81 Mo. 43; Turner v. Railroad, 78 Mo. 578; Hill v. Railroad, 49 Mo. App. 520. (3) Before the plaintiff could maintain the present action there must have been an agreement, express or implied, to pay for the use and occupation of the premises. Matthews v. Elevator Co., 59 Mo. 474. (4) The court erred in refusing the instructions offered by defendant, and in modifying those which were given which was the same thing as a refusal. Swigert v. Railroad, 75 Mo. 475. (5) In order to recover for use and occupation of the premises, the relation of landlord and tenant must have existed between the parties. Cohen v. Kyler, 28 Mo. 122; Hood v. Martin, 21 Mo. 308; Edmonson v. Kite, 43 Mo. 176; Bank v. Aull, 80 Mo. 199;

McLaughlin v. Dunn, 45 Mo. App. 645; Hunton v. Powers, 38 Mo. 356; Young, Admr. v. Downey, 145 Mo. 261; Sturges v. Botts, 24 Mo. App. 282; Hyner v. Ecker, 34 Mo. App. 650; Robertson v. Railroad, 18 Mo. App. 185; Cohen v. Kyler, 27 Mo. 122; Hunton v. Powers, 38 Mo. 356; Edmonson v. Kite, 43 Mo. 176; Talbott v. Coteral, 76 Mo. App. 447; Glasner v. Fredericks, 73 Mo. App. 424.

*J. C. Wilson* and *Peery & Lyons* for respondent.

(1)    The relation of landlord and tenant exists where one person occupies the land or premises of another, in subordination to that other's title, and with his assent, express or implied.    18 Am. and Eng. Ency. of Law (2 Ed.), p. 163; Bouv. Law Dict., tit. "Landlord and Tenant;" 18 Am. and Eng. Ency. of Law (2 Ed.), p. 265; Smith v. Houston, 16 Ala. 111; Dell v. Gardner, 25 Ark. 134.    (2)    It therefore appears that the instructions of the court were more favorable to the appellant than the law warranted, and this being an error in appellant's favor, he can not complain of it.    Harris v. Fowler, 71 Mo. App. 488; Price v. Barnard, 70 Mo. App. 175.    (3)    Where it is apparent upon a retrial there would be no reasonable ground to believe that the finding would be otherwise, it would be useless to force the respondent to incur the expense of another trial. Fields v. Railroad, 80 Mo. App. 603; Porter v. Harrison, 52 Mo. 524.

BROADDUS, J.—This is a suit for rent of land for the year 1900.    The plaintiff was the owner of a life estate in about twenty acres of land, which was inclosed by the land of adjoining proprietors with about thirty acres of land belonging to the defendant.    It had been the custom of the owners of the last-named quantity, prior to defendant's ownership, to use all the inclosed land without demand and payment of rent by plaintiff

Gillespie v. Hendren.

for the value of the grazing on her share of the same. But in 1900, through her agent, Isaiah Buzzard, she claimed rent of defendant for her portion. Buzzard testified that he had a talk in May or June, 1900, with defendant about the matter, in which he told him (defendant) that if he used all the pasture, plaintiff would have to be paid for it, to which defendant replied that he did not know about it; that he would rather buy plaintiff's interest in the land, and that he would figure up and see what he could do about it. However, in a later conversation, when Buzzard asked him what he was going to do about the matter, defendant answered that he was not going to do anything.

There was evidence as to the value of the rent of plaintiff's portion of the land, and also that defendant not only grazed his own stock on the inclosure, but grazed that of others for compensation. The finding and judgment were for the plaintiff, from which defendant appealed. Defendant contends that under the evidence plaintiff was not entitled to recover and that the court committed error in the giving and refusing of instructions.

Instructions one, two and three, given on the part of plaintiff, are predicated upon the theory that if the jury should find that there was an agreement between defendant and plaintiff's agent, Buzzard, that defendant was to pay plaintiff rent, it would find for plaintiff the value of such rent. We think that in the giving of these instructions the court was in error, for there was no evidence that the defendant would pay rent, and no such inference is to be drawn from the conversation alluded to between said agent and defendant.

The instructions asked by the defendant and refused by the court were to the effect that, if the jury found that the lands of plaintiff and defendant were included in a common inclosure, and defendant turned his cattle into this inclosure on his own land, and they

wandered upon plaintiff's land and grazed there, the finding would be for the defendant. These last-named instructions raise the principal question in the case, viz.: the liability of the defendant for use of plaintiff's premises included in the same inclosure with his own. Defendant's contention is, that under the law he was not required to fence his own land, but had the right to turn his cattle upon it to graze, and the fact that they went upon that of plaintiff and grazed thereon would not make him liable for rent of the same. This contention would undoubtedly be true if the lands were uninclosed. But the facts are different: the lands of plaintiff and defendant were in a common inclosure, and not open to the cattle of strangers. The question is not a new one in this State. In Jackson v. Fulton, 87 Mo. App. 228, it was held: "The common law, restraining cattle from running at large has never been in force in this State, but the common law as to adjoining proprietors without a partition fence is in force, and under it each party must fence his own stock or pay the damages it may do to the other proprietor." See O'Riley v. Diss, 41 Mo. App. 184.

The plaintiff's action is not for a trespass but for rent. Because, as we have seen, defendant had no right to turn his cattle upon the common inclosure so that they would in the very nature of things trespass upon plaintiff's lands, it does not follow that her action should be founded in trespass. Independent of her common-law right to waive the trespass and sue on an implied promise, the evidence showed the relation of landlord and tenant. In Wilkinson v. Wilkinson, 62 Mo. App. 249, it was held: "A definite agreement to pay rent is not essential to create the relation of landlord and tenant; and an action for use and occupation will lie where the defendant, with plaintiff's consent, enters upon the land and uses it for his own profit, as that is a complete promise to pay a reasonable compensation." The defendant was notified that plaintiff would require him

to pay rent, and although he refused to agree to pay any particular amount, or to pay any sum whatever, his occupation with plaintiff's permission, and with the understanding that rent would be demanded, under the authority cited, created an implied promise at least to pay a reasonable compensation for the use of the land.

The case seems to have been tried upon a false theory, judging by the instructions, but as the plaintiff would have been entitled to a verdict upon any theory, this court is not authorized to reverse it, as the statute forbids such action on our part in such cases.

Therefore, the cause is affirmed.   All concur.

