ANNA C. FORDER, Respondent, v. A. H. HANDLAN, JR., Appellant.

St. Louis Court of Appeals, February 21, 1911.

1. **UNLAWFUL DETAINER: When Action Lies: Landlord and Tenant.** Unlawful detainer lies, under section 7657, Revised Statutes 1909, only when the premises are demised or let to a tenant or some one under whom he claims.

2. ————: ————. Unlawful detainer, being a possessory action, lies only against one in actual possession of the premises.

3. ————: **Sufficiency of Evidence: Landlord and Tenant.** Evidence *held* to sustain a finding that defendant, in an action of unlawful detainer, was in actual possession of the premises as lessee.

4. **APPELLATE PRACTICE: Conclusiveness of Finding.** Findings supported by evidence will ·not be disturbed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*John S. Leahy* for appellant.

(1)   In unlawful detainer, the party in possession of the land at the time of the institution of the suit is the only proper party defendant. Alt v. Hobbs, 62 Mo. App. 669.   (2)   Unlawful detainer, being a possessory action, must be brought against the party in actual possession, and cannot be maintained against one not in actual possession. Jennings v. Robinson, 82 Mo. App. 544; Armstrong v. Heidrick, 67 Mo. 542; Bowman v. Mehring, 34 Ill. App. 589; Orrick v. Public Schools, 32 Mo. 315; Bell v. Cowen, 34 Mo. 251.   (3)   In order to maintain an action of unlawful detainer, the party defendant must be unlawfully detaining the premises at the time of the action, and must be in actual possession of the premises at the time. Loan v. Smith, 76 Mo. App. 510; Keane v. Kolkschneider, 21 Mo. App. 538; Johnson v. Douglas, 73 Mo. 168.

*Earl M. Pirkey* for respondent.

(1)   The written statements or admissions of the defendant in his letters to plaintiff's agent constitute strong legal evidence of the truth of the facts so admitted. Morse v. Diebold, 2 Mo. App. 163; Schlicker v. Gordon, 19 Mo. App. 479; Wilkerson v. Moulder, 15 Mo. 609; Sidway v. Land & Livestock Co., 187 Mo. 649.   (2) Where a person by word or conduct voluntarily induces another to act in view of a certain state of facts, he will be estopped to allege against him a different state of facts. Cornwall v. Ganser, 85 Mo. App. 678.   (3) It is the province of the trial court, sitting as a jury, to pass upon the weight of the evidence, and the finding of the court in favor of plaintiff cannot be disturbed, unless it be shown that there is no evidence whatever tending to prove some essential element of the plaintiff's case. Baum v. Fryrear, 85 Mo. 151; Smith v. Royse, 165 Mo. 654.

NORTONI, J.—This appeal is wholly without merit. The case is an action for unlawful detainer. Plaintiff recovered and defendant prosecutes the appeal. The question for consideration relates alone to the sufficiency of the evidence to support the finding and judgment to the effect defendant was in actual possession of the property as tenant of plaintiff at the time of the institution of the suit. The controversy involves the possession of a portion of a brick building situate at Fourth and Gratiot streets in the city of St. Louis to which it is conceded plaintiff owns the title.

It appears the Meyrose Lantern Company had occupied the property for about fifty years and that both the business of that concern and the building were owned by Ferdinand Meyrose. A few years ago Mr. Meyrose sold the Meyrose Lantern Company to A. H. Handlan, the father of defendant, A. H. Handlan, Jr. After having sold the business to A. H. Handlan, Ferdinand Meyrose, then the owner of the building in which the business was situate, leased the building to defendant, A. H. Handlan, Jr., for a term of two years, to expire September 6, 1907, and the evidence tends to prove that the lantern business under the name of the Meyrose Lantern Company continued therein under this lease as before. Soon after selling his business to A. H. Handlan and after executing the lease of the building to A. H. Handlan, Jr., Mr. Meyrose sold the building to plaintiff, subject, of course, to the lease. In July, 1907, prior to the expiration of the lease on September 6 of that year, defendant, A. H. Handlan, Jr., called upon plaintiff's agent and negotiated with him about a lease for an additional two months, to expire November 6, 1907. It is in evidence that defendant sought to continue in possession of the property until he could complete a new building into which he intended to move. Besides this conversation, several letters in evidence were interchanged between defendant and plaintiff's agent in which plaintiff expressed himself substantially

as desiring to continue "my lease" on the property for the two months referred to, and the parties finally agreed to the effect Mr. Handlan should continue in possession at the rental of $37.50 per month, as stipulated before, until November 6, 1907.

The testimony for defendant tends to prove that though he renewed the lease for the time mentioned and both spoke and wrote of it as "my lease, etc.," he was in fact acting for his father, A. H. Handlan, who, he says, owned the business. The action proceeds under the first provision of section 7657, Revised Statutes 1909, which declares any person who shall willfully and without force hold over any lands, tenements or other possessions after the termination of the time for which they were demised or let to him is guilty of an unlawful detainer. There can be no doubt of the proposition that the action of unlawful detainer lies under this provision of our statute only when the premises are demised or let to defendant or some person under whom he claims. Besides the express words of the statute, see H. & St. Jo. R. Co. v. Hill, 60 Mo. 281. It is true, too, that, as the action of unlawful detainer is possessory in its character, it lies only against the party in actual possession of the premises and may not be maintained against one who is not in such possession at the time suit is instituted. [Orrick v. St. Louis Public Schools, 32 Mo. 315; Jennings v. Robinson, 82 Mo. App. 544.]

Defendant argues the present suit may not be maintained, first for the reason that it does not appear the premises were demised or let to defendant A. H. Handlan, Jr., or to some person under whom he claims, and, second, that it does not appear he was in the actual possession of the premises at the time the suit was instituted. It is conceded that possession of the property was not given at the end of the two months stipulated for under the new letting made between this defendant and plaintiff's agent, which expired on November 6, 1907, nor until after this suit was instituted. After

plaintiff learned that Handlan intended moving into his new building, she leased her property, the building here involved, from November 6, 1907 to another tenant, and it was agreed by all concerned that defendant could occupy the same until that date at the same rental as under the prior lease with Ferdinand Meyrose. In the early part of November, plaintiff became aware of defendant's intention to remain in possession longer, notwithstanding the agreement and, therefore, on the fifth day of that month, notified him in writing to vacate the premises on November 6th and made a formal demand for possession. Afterward, on December 13th, this suit was instituted before a justice of the peace, while defendant continued in possession, and he vacated the premises on the 19th of that month.

The argument put forward is, that as it appears A. H. Handlan purchased the business of the Meyrose Lantern Company in 1905, then it is obvious that he was in possession of the property and not his son, A. H. Handlan, Jr., the present defendant. A. H. Handlan is connected with the Handlan-Buck Manufacturing Company, which owns and maintains an important business on Third street in the City of St. Louis, and defendant, A. H. Handlin, Jr., is secretary of that company as well. Be all of this as it may, there is an abundance of proof to sustain the finding and judgment that defendant, A. H. Handlan, Jr., was the lessee of the premises and in actual possession thereof as such. Though A. H. Handlan may have purchased the business of the Meyrose Lantern Company in the first instance, he may have done so for the benefit of his son for all the record discloses to the contrary. At any rate, it is entirely clear defendant, A. H. Handlan, Jr., leased the premises in the first instance in September, 1905, from Ferdinand Meyrose for, besides the lease being executed to A. H. Handlan as the lessee, which it is true is the name of defendant's father as well, Mr. Meyrose on the witness stand testified positively that he executed the lease with

and to this defendant, A. H. Handlan, Jr., and pointed him out in the courtroom as the lessee. It appears from the testimony of others that this defendant was frequently around the building involved in this suit looking after the business of the Meyrose Lantern Company and that he claimed to own that business. He spoke of the foreman there as his foreman and exercised acts of ownership about the premises by giving consent to other tenants to use an elevator which was otherwise denied them. It is true he spent a portion of his time at the office of the Handlan-Buck Manufacturing Company but nevertheless the evidence tends to prove that he was the controlling spirit pertaining to the business which was conducted under the name of Meyrose Lantern Company in plaintiff's building, and in conversations with plaintiff's agent he is said to have spoken of it as "his" business and requested a renewal of "his" lease. Numerous letters in evidence conceded to have been written by this defendant to plaintiff's agent refer to the building "I now occupy, etc." and treat with the matter as though he was in possession of the property. One of these letters from defendant to plaintiff's agent is as follows:

"Dear Sir: In reference to the conversation I had with you today, regarding the occupancy of the building I now occupy, beg to say that I will remain there until November 6th, and if you can see your way clear will occupy the building for a longer period. Trusting you will advise me promptly, I remain,

Yours truly,

A. H. Handlan, Jr."

All of this constitutes not only substantial evidence but an abundance thereof to the effect that A. H. Handlan, Jr. leased the premises for himself and that he was in actual possession thereof at the time of the institution of this suit on his own account. This court will not attempt to weigh the probative force and ef-

fect of such evidence if it be of a substantial character, as that is exclusively within the province of the trial court who tried the case by consent of parties without the aid of a jury. In such circumstances, the only matter open for review here is the question as to whether or not there is substantial evidence to support the judgment. Of this there is an abundance. [Baum v. Fryrear, 85 Mo. 151; Smith v. Royse, 165 Mo. 654, 65 S. W. 994.] The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.