# J. J. WILLIAMS, Appellant, v. SID TREECE, Respondent.

### St. Louis Court of Appeals, June 20, 1914.

1. **UNLAWFUL DETAINER: Prerequisites to Recovery: Landlord and Tenant.** An action of unlawful detainer, under Sec. 7657, R. S. 1909, lies only where the relation of landlord and tenant exists between the parties.

2. **LANDLORD AND TENANT: Tenancy at Will.** A verbal lease of land, indefinite as to time, operates as a tenancy at will.

3. ————: ————: **Termination.** A tenancy at will of land outside of a city, town or village operates, by construction, as a tenancy from year to year, terminable by the landlord by giving proper notice.

4. **UNLAWFUL DETAINER: Landlord and Tenant: Instructions: Submitting Existence of Relation.** In an action of unlawful detainer, plaintiff relied on the termination of a verbal lease, which did not reserve rent, by the giving of proper notice of termination. Defendant's theory was, that he was not a tenant, but was merely a squatter. The court instructed, on behalf of defendant, that although defendant went on the land, with the permission of plaintiff, to hunt and fish, yet that fact alone did not create the relation of landlord and tenant, and unless the jury found that defendant was the tenant of plaintiff, their verdict must be for defendant, and that, before plaintiff could recover, the evidence must show that defendant rented or leased the land from plaintiff and entered into possession thereof as tenant or lessee of plaintiff, and continued as such tenant or lessee until the commencement of the action. The court modified an instruction requested by plaintiff, to the effect that if defendant entered into possession of the land by plaintiff's permission or consent, the finding should be for plaintiff, by requiring the jury to find that defendant entered into such possession pursuant to an agreement whereby the land was rented or let to him by plaintiff. *Held*, that the instructions given for defendant, when read with the modified instruction given by the court, were erroneous, in that they impliedly charged the jury that, in order to create the relation of landlord and tenant, there must. be a renting of the land, in the sense that rent is reserved.

5. **LANDLORD AND TENANT: Existence of Relation: Rent.** The relation of landlord and tenant arises from a contract

by which one person occupies the property of another with his permission and in subordination to his right, and it is not essential that rent be reserved.

6. ———: "Tenant" Defined.   A tenant is one who occupies the premises of another in subordination to the latter's title, and with his assent, express or implied.

Appeal from Pemiscot Circuit Court.—*Hon. Charles B. Farris,* Judge.

REVERSED AND REMANDED.

*Brewer & Riley* for appellant.

*Oliver & Oliver* for respondent.

NORTONI, J.—This is a suit in unlawful detainer. The finding and judgment were for defendant and plaintiff prosecutes the appeal.

The subject-matter in controversy is the possession of forty acres of land lying partly in, and partly adjacent to, Cushion Lake in Pemiscot county. Defendant is a hunter and fisherman by occupation and the evidence for plaintiff tends to prove that he let the premises to him for that purpose in the early part of the year 1906. Defendant denies the letting *in toto,* and says that, though he pitched his tent on the bank of the lake and resided on the premises for a number of years and until this suit was brought, he did so as a mere squatter and not under any arrangement with plaintiff. The issue of fact in the case relates to this matter alone, for, as before said, plaintiff affirms he let the premises to defendant and defendant asserts the contrary. The jury found the issue for defendant as though the relation of landlord and tenant did not exist between the parties.

Plaintiff says that defendant applied to him for a lease of the land as he desired to hunt and fish in and about Cushion Lake. The land was wild and un-

occupied at the time and plaintiff desired to have some one upon it as his tenant. According to the evidence of plaintiff, it was agreed between the parties that defendant should take possession and clear and put in crop whatever ground he desired, but no reservation of rent was made. In other words, in the event defendant cleared up and cultivated any of the land, he should enjoy the returns from such land so cleared and cultivated and the use of the entire forty acres, for that matter, rent free. But plaintiff agreed to pay defendant for any improvements which he put upon the land, such as houses; defendant to hold possession of the land under and for plaintiff. This agreement was a verbal one between the parties and indefinite as to time. It is said defendant took possession within a week or ten days after entering into the agreement with plaintiff above stated. Other witnesses besides plaintiff gave evidence tending to prove that defendant admitted in their presence having entered upon the land under some kind of an arrangement with and through the consent of plaintiff. Defendant says he made no agreement whatever with plaintiff concerning his entry upon the land, but merely told him he intended to move his camp upon it. Defendant went upon the land May 22, 1906, and put up a tent in which he resided for several years, but thereafter constructed a cheap box house for the use of himself and family, in which he resided at the time this suit was commenced. It appears that, shortly before the institution of this suit, plaintiff gave defendant notice in writing, to the end of terminating the tenancy, and made demand upon him for possession of the premises. Defendant declined to accede to this demand and the present suit was instituted in unlawful detainer.

The action of unlawful detainer lies under our statute only when the premises are demised or let to defendant or some person under whom he claims—

that is to say, in order to maintain it, the relation of landlord and tenant must exist between the parties. [See Whiteside v. Oasis Club, 162 Mo. App. 502, 142 S. W. 752; Forder v. Handlan, 155 Mo. App. 453, 134 S. W. 1110.] The real controversy in the instant case relates to the matter as to whether or not the relation of landlord and tenant existed between plaintiff and defendant. As before said, plaintiff insists he let the premises to defendant under a verbal agreement of lease, which, through continued possession and use on the part of defendant, operates a tenancy at the will of the lessor. By construction, such creates a tenancy from year to year, terminable by the lessor upon proper notice. [See Tiefenbrun v. Tiefenbrun, 65 Mo. App. 253.] Defendant insists that no such arrangement was made whatever between the parties, and that he merely squatted upon the land, having told plaintiff he contemplated doing so.

In this state of the case, the court instructed the jury for defendant as follows:

"No. 4. The court instructs you that although you may find from the evidence that the defendant went upon the land described in plaintiff's complaint and erected a tent thereon and that his going there was with the permission or license of the plaintiff for the purpose of fishing and hunting, yet that fact alone will not constitute the relation of landlord and tenant, and unless you find that the defendant was the tenant of the plaintiff, your verdict must be for the defendant."

"No. 3. The court instructs the jury that, before the plaintiff can recover in this action, you must be satisfied from the evidence that the defendant rented or leased the land described in the complaint from the plaintiff and that defendant entered into possession of said lands as such tenant or lessee of the plaintiff and that he continued as tenant or lessee of the plain-

tiff until he was sued in this action, and unless you so find your verdict must be for the defendant.''

The court refused to instruct, at the instance of plaintiff, that if defendant entered into possession of the premises in question by his permission or consent, the finding should be for plaintiff, and modified the instruction requested, so as to require the jury to find that he entered possession pursuant to an agreement whereby the same were rented or let to him by plaintiff. It is clear the two instructions above copied, when read togther with the modified instruction given by the court, are misleading. It seems that the matter of plaintiff's permission to defendant to occupy the premises free of rent under the agreement above detailed is treated as of no consequence in so far as the asserted relation of landlord and tenant is concerned, and the instructions imply at least that, in order to create that relation between the parties, there should have been a renting of the place, in the sense that a stipend of rent should be reserved. It is true the instructions do not in plain terms require a finding that there must be an agreement for the payment of rent in order to create the relation of landlord and tenant, but the verbiage and construction, when read together, suggest this thought as of controlling importance. Moreover, defendant's instruction number 4 expressly informed the jury that defendant's going upon the lands ''with the permission or license of the plaintiff for fishing and hunting. . . . alone will not constitute the relation of landlord and tenant,'' unless the jury should further find that defendant was the tenant of plaintiff. What is necessary to constitute defendant a tenant is not defined. This minimizes the permission or license of plaintiff for defendant to go upon the land under the arrangement detailed by plaintiff in evidence, and is prejudicial, indeed.

While a reservation of rent is usually incident to the relation of landlord and tenant, it is not absolutely essential. It is well settled that the relation of landlord and tenant may arise without a reservation of rent. [See 24 Cyc. 877.] Indeed, the relation of landlord and tenant may be defined in general terms as that which arises from a contract by which one person occupies the property of another with his permission and in subordination to his right, the occupant in such cases being known as the tenant and the person in subordination to whom he occupies as the landlord. It is essential to the relation that the occupancy be both permissive and subordinate. When the two latter elements co-exist, it is sufficient, though there be no actual reservation of rent. [See 24 Cyc. 876, 877; 1 Wood's Landlord and Tenant (2 Ed.), sec. 1; 1 Taylor's Landlord and Tenant (9 Ed.), sec. 14; Gillespie v. Hendren, 98 Mo. App. 622; 73 S. W. 361; Wilkinson v. Wilkinson, 62 Mo. App. 249.] A tenant is declared by the elementary writers above cited on the law of landlord and tenant to be one who occupies the land or premises of another in subordination to that other's title and with his assent, express or implied, and that it suffices to create the relation if these two elements concur. [See Adams v. Gilchrist, 63 Mo. App. 639, 645.]

It is clear the instructions above copied misdirected the jury and because of them the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.