## COGGINS v. GREGORIO.
### No. 1647.

Circuit Court of Appeals, Tenth Circuit.

June 18, 1938.

Rehearing Denied Aug. 15, 1938.

M. J. McGuinness, of Albuquerque, N. M., for appellant.

J. O. Seth, of Santa Fe, N. M. (H. C. Denny and H. S. Glascock, both of Gallup, N. M., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

A fall of plaster from the ceiling of a room in an apartment house owned by Gregorio caused personal injuries to Gladys A. Coggins. John F. Coggins, her husband, brought this action against Gregorio to recover on account of expenses incurred for medical and surgical treatment and care and nursing, and for loss of services and other damages.

Trial by jury was waived and the cause tried by the court. The court made special findings of fact and conclusions of law in which it found, among others, these facts:

On September 14, 1936, Gregorio was the owner of certain lands and an apartment house situated thereon in Gallup, McKinley County, New Mexico, known as the Gregorio Apartments. In August, 1935, Coggins rented one of such apartments for the use of himself and wife at a monthly rental of $18.00. Coggins continued to rent such apartment on a month to month basis for the same rental until October 1, 1936. On the morning of September 14, 1936, a portion of the plaster of the ceiling of one of the rooms of such apartment fell and struck Gladys A. Coggins. The ceiling of the room had

been plastered in 1927 in a good and workmanlike manner. Gregorio had no notice or knowledge of any defects in the plaster or any reason to believe any part of it was likely to fall. A crack in the plaster was called to Gregorio's attention by Coggins and his wife about two weeks before the plaster fell, but there was nothing to show the nature or extent of the crack or to lead anyone to believe the plaster was likely to fall. The extent of the crack in the plaster was as well known to Coggins and his wife as to Gregorio, and they continued to occupy the room knowing the situation as fully as did Gregorio. Coggins rented the apartment with an understanding during the entire period of the tenancy that all work necessary for keeping such apartment and its furnishings in order was to be done by him and his wife. Coggins and his wife had sole and exclusive right to the possession of the apartment, including such room, under their rental agreement, at the time of the falling of the plaster. Gregorio did not by act or word conceal from Coggins and his wife any knowledge had by him concerning the condition of the plaster of the ceiling of the room. When the crack was called to Gregorio's attention he offered to move Coggins and his wife into another room while the ceiling was being repaired, but they refused to move. Certain other work done by Gregorio in the basement of the premises was not the proximate cause of the falling of the plaster. The evidence failed to disclose what caused the plaster to fall.

The trial court concluded that the relation of landlord and tenant existed between the parties; that under the facts Coggins and his wife assumed the risk of safe occupancy; and that Coggins failed to establish negligence on the part of Gregorio. From a judgment for Gregorio, Coggins has appealed.

In the record proper there appears a purported request of Coggins for special findings of fact and conclusions of law, but these are not incorporated in the bill of exceptions, and may not be considered here.[1] The record contains no challenge by Coggins to the sufficiency of the evidence to support the findings made by the court, no request for a declaration of law that Coggins was entitled to judgment, and no motion for a judgment in his favor. A special finding in a jury waived case becomes a part of the record proper the same as a special verdict and the question of its sufficiency to support the judgment arises without contemporaneous objection or exception. But the sufficiency of the evidence to support the findings must be appropriately raised by motion for judgment, request for a declaration of law, or other like motion.[2] And such motion or request and the ruling thereon are not part of the record proper and may be incorporated therein only by a proper bill of exceptions.[3]

Since the purported request for findings of fact and conclusions of law was not incorporated in the bill of exceptions, and since no motion for judgment, request for a declaration of law, or other like motion was made, the only question here presented is the sufficiency of the special findings to support the judgment.

To constitute the relation of landlord and tenant these elements must be present: Permission or consent on the part of the landlord, subordination to the landlord's title and rights on the part of the tenant, a reversion in the landlord, an estate in the tenant, and the transfer of possession and control of the premises to the tenant under a contract either express or implied between the parties.[4]

Counsel for Coggins contends that the relation was that of lodginghouse keeper and lodger rather than landlord and tenant. The principal distinction between the two relations is that the tenant acquires

[1] Davis v. United States, 10 Cir., 67 F.2d 737; Greenway v. United States, 10 Cir., 67 F.2d 738; McLeod v. United States, 10 Cir., 67 F.2d 740; Kolton v. United States, 10 Cir., 67 F.2d 741.

[2] Davis v. United States, supra; Greenway v. United States, supra; McLeod v. United States, supra; Kolton v. United States, supra; White v. United States, 10 Cir., 48 F.2d 178.

[3] Davis v. United States, supra; White v. United States, supra; McPherson v. Cement Gun Company, 10 Cir., 59 F.2d 889.

[4] Marden v. Radford, 229 Mo.App. 789, 84 S.W.2d 947, 954, 955; New Amsterdam Casualty Co. v. National Union Fire Ins. Co., 266 N.Y. 254, 194 N.E. 745, 747, 99 A.L.R. 216; Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873, 877; Minneapolis Iron Store Co. v. Branum, 36 N.D. 355, 162 N.W. 543, 546, 547, L.R.A.1917E, 298; Williams v. Treece, 184 Mo.App. 135, 168 S.W. 209, 211; Columbia Ry., Gas & Electric Co. v. Jones, 119 S.C. 480, 112 S.E. 267, 271.

an interest in the real estate and has the exclusive possession of the leased premises, while the lodger acquires no estate and has merely the use without the actual or exclusive possession.[5] The trial court found that Coggins and his wife had sole and exclusive right to possession of the apartment under the rental agreement.

Under the facts as found by the trial court the relation was clearly that of landlord and tenant and not lodginghouse keeper and lodger.

In Hogsett v. Hanna, 41 N.M. 22, 63 P. 2d 540, 546, 547, the court quoted with approval from Roberts v. Rogers, 129 Neb. 298, 261 N.W. 354, 356, as follows:

"In the absence of express contract to the contrary, a tenant takes demised premises as he finds them, and there is no implied warranty by the landlord that they are safe or fit for occupancy. The rule of caveat emptor applies. * * * In the absence of contract, no duty to repair leased premises devolves upon the landlord, but, on the contrary, the relation of landlord and tenant devolves that duty upon the tenant. * * * A landlord is under no duty to change the visible form and mode of construction of leased premises in order to make the premises safe for his tenant, nor is he bound to remove obvious sources of danger; as to these the tenant assumes the risk."[6]

While there is no implied warranty by the landlord that the leased premises are safe or fit for occupancy, the landlord is liable for injuries resulting to the tenant from latent defects in the premises known to the landlord and concealed from the tenant.[7]

Under the facts as found by the trial court Coggins and his wife had the same knowledge as Gregorio with respect to the existing condition of the ceiling and there was no concealment of known latent defects on the part of Gregorio.

It follows that the findings support the judgment and it is accordingly affirmed.

5 Marden v. Radford, supra; White v. Maynard, 111 Mass. 250, 253–255, 15 Am.Rep. 28; Green v. T. A. Shoemaker & Co., 111 Md. 69, 73 A. 688, 690, 23 L.R.A.,N.S., 667; Mathews v. Livingston, 86 Conn. 263, 85 A. 529, 531, Ann.Cas. 1914A, 195; Linwood Park Co. v. Van Dusen, 63 Ohio St. 183, 58 N.E. 576, 581.

6 See, also, Doyle v. Union Pacific Ry. Co., 147 U.S. 413, 423–429, 13 S.Ct. 333,

37 L.Ed. 223; Lawler v. Capital City Life Ins. Co., 62 App.D.C. 391, 68 F.2d 438, 439; Lucas v. Brown, 8 Cir., 82 F. 2d 361, 362, 363; Fraser v. Kruger, 8 Cir., 298 F. 693, 696–698, 699; Hatzis v. United States Fuel Co., 82 Utah 38, 21 P.2d 862, 863, 864.

7 Stumpf v. Leland, 242 Mass. 168, 136 N.E. 399, 400–402. See, also, cases cited in Note 6.